HIRAM SISCO v. RUEL HURLBURT.

Where a motion to dismiss a suit, for want of any recognizance being taken, is filed in the county court, that court must take notice of whatever is shown by the writ itself; but if that court dismiss the suit, and the writ is not referred to in the bill of exceptions, this court will consider the question, whether there was *any* minute of recognizance upon the writ, as one of fact, and as decided by the county court.

A writ of *audita querela* is within the statute,—Rev. St. c. 28, § 5,—which requires a recognizance to be taken to the defendant for his costs, &c.; and a sufficient minute of such recognizance must appear upon the writ.

A minute of a recognizance, in which no sum is stated as the forfeiture, is of no binding force, and is not a compliance with the requirement of the statute.

AUDITA QUERELA.   The defendant, in the county court, filed a motion to dismiss, because, as he alleged, the judge who allowed and signed the writ took no security by way of recognizance. There was a minute of recognizance upon the writ, signed by the judge, in these words;—"Ira Colburn, Charles A. Garland and 'Charles Sisco recognized to the defendant, conditioned for the 're-delivery of the said Hiram Sisco to the custody of the officer 'having the same, if the same shall be awarded, and for payment of 'all intervening damages, and in default thereof, the payment of 'debt, damages and costs."

The county court dismissed the action; to which decision the plaintiff excepted.

*T. P. Redfield* for plaintiff.

1.   No minute of a recognizance on a writ of *audita querela* is required by statute, and none is necessary. *Foster* v. *Carpenter*, 11 Vt. 589 ; *Houghton* v. *Slack*, 10 Ib. 520 ; Rev. Stat. 222, § 8.

2.   If such minute of recognizance was required by statute, this is sufficient.   It conforms not only substantially, but literally, with the statute.   It is an obligation of record to have the plaintiff's body removed to prison in case judgment be against him, and, in default thereof, to forfeit the original judgment and cost.

3.   If the defendant wished to put in issue the validity of the

recognizance, he should have pleaded it by some traversable plea. But a motion to dismiss must be founded on what is apparent of record, and this motion can only bring before the court the sufficiency of the *minute of recognizance on the writ.*

*C. W. Prentiss* for defendant.

The opinion of the court was delivered by

HEBARD, J. The defendant, in his motion, alleges that no recognizance was taken. If any was taken, it should appear from the writ. The writ was before the court, and they must take notice of whatever there was upon it. If there had been any recognizance taken, that would answer the requirements of the law; the plaintiff undoubtedly would have been at liberty to have replied that fact, and evidenced it in any proper manner. As he did not offer to do that, the court, having their attention called to the subject, must pass upon the question with such evidence as was presented, which was the writ itself. The writ is not shown us, nor made a part of the case by the exceptions; and whether there was *any recognizance* upon the writ was a question of fact, which the court below passed upon. The only question for this court to decide is, whether any recognizance is required by the statute.

The statute, Rev. St. chap. 28, sect. 5, provides that " no writ ' of summons, or attachment, requiring any person to appear and ' answer before any court in this state, shall be issued, unless there ' be sufficient security given to the defendant, by way of recogni- ' zance, by some person *other than the plaintiff,* to the satisfaction ' of the authority signing such writ, that the plaintiff shall prosecute ' his writ to effect, and shall answer all damages, if judgment be ' rendered against him ; a minute of which recognizance, with the ' name of the surety, and the sum in which he is bound, shall be ' ' made upon the writ, at the time of signing the same," &c. " oth- ' erwise, the same, on motion, shall abate."

Here is a general provision and requirement, that applies to all writs. By the statute an *audita querela* may issue, either as a summons, or attachment, and must, of necessity, be embraced in the class of writs, in the provision of the statute just recited. In

the chapter making provision for the writ of *audita querela*, it is required that there shall be sufficient recognizance to secure the re-delivery of the body, or estate, and the payment of intervening damages, &c.  This, unquestionably, has reference to the previous provision, so far as the circumstances and manner of taking it is concerned.  By taking *sufficient security*, we must be understood to mean, taking security which, in the *opinion* of the judge, is sufficient.  The law relating to *audita querela* does not, in express terms, require that the person recognized shall be some person other than the plaintiff; but no one, I apprehend, would insist that a recognizance of the plaintiff himself would be a compliance with the law, even if the judge should consider him *sufficient*.

But there is an objection, more formidable than the fact of a variance in *form*, from the provisions of the statute.  We regard this pretended recognizance as of no binding force, or effect, and as creating no liability on the part of the *recognizors*.  This does not pretend to be a minute of a recognizance, stating the "name of the surety and the sum in which he is recognized."  No sum is stated; of course there is no sum for which any judgment for debt, or damages, could be rendered against the recognizors.

The case of *Brown* v. *Stacy*, 9 Vt. 118, is referred to, for the purpose of showing that this is the correct mode of taking recognizance, the provision in the compiled statutes being the same as in the revised.  But that case does not help the objection.  All that case settles, upon that point, is, that the recognizance was taken with reference to the right section of the statute; but to the form and manner of taking the recognizance no objection was made.  The complaint in that case was, "that there was no sufficient security to the defendant by way of recognizance for costs."  In this case the difficulty is, that there is no security, by way of recognizance, for any thing, there being no sum named.  The recognizance, without any sum named as the forfeiture, could have no binding effect.  It would be as though none was taken.

The statute expressly requires a recognizance to be taken; and as none was taken in this case, as the statute requires, the county court committed no error in dismissing the suit.

Judgment affirmed.