HON. JOHN PIERPOINT,
HON. JAMES BARRETT, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

SEWALL ALDRICH *v.* CHAPMAN D. BONETT.

*Audita Querela. Justice of the Peace. Practice.*

Where the plaintiff in a justice suit has been led by the defendant to suppose that the suit would be defended, and accordingly on the return day of the writ, it being inconvenient for him to remain and attend the trial then,

applies in good faith for, and obtains a continuance, still supposing that the defendant would appear and claim trial, the fact that the defendant does not appear on the day when such continuance is granted, is not sufficient to sustain *audita querela* to set aside a judgment for the plaintiff, subsequently rendered by default.

The doctrine of *Paddleford* v. *Bancroft*, 22 Vt. 529, in this respect, limited to cases, where the irregularity of such a continuance is attempted to be set up, not only as valid, but for the purpose of depriving the other party of a defence which he would have enjoyed, if the judgment had been entered at the proper time.

AUDITA QUERELA to set aside the judgment of a justice of the peace in favor of the defendant against the plaintiff. Plea not guilty, and trial by the court, at the December Term, 1859,— POLAND, J., presiding.

It appeared that on the day the writ in the original action was served the parties met, and the complainant in this suit, being the defendant in that, desired to have the cause tried at an earlier period than the return day of the writ, and they agreed that, if the justice could attend to it, they would have the trial the next day. Bonett called on the justice but found that he could not try the cause on the next day, and he so personally informed the complainant, who then told him he should defend the suit.

On the return day of the writ the defendant's wife was taken sick, and he went to the place appointed for the trial of the cause at the appointed time, and there informed the justice that he could not on that account attend at the trial, and at his request the justice continued the cause for two weeks. The complainant was not present and made no appearance on that day, but the defendant supposed that he would appear, and he made the application for a continuance in good faith, and for the reason that he could not wait to attend the trial which he supposed the complainant would claim. The defendant remained at the place set for trial for some time, but whether for two hours after the time fixed for trial, or not, it did not appear. On the day to which the cause was continued the complainant did not appear, and judgment was rendered against him by default.

Upon these facts the county court dismissed the complaint, with costs to the defendant to which the complainant excepted.

*A. J. Willard,* for the plaintiff.

*Stoddard & Clark, for the* defendant.

REDFIELD, Ch. J.   It is claimed that this case is controlled by what is said in *Paddleford* v. *Bancroft,* 22 Vt. 529 : " That the continuance of a cause upon the suggestion of the plaintiff and without any legal ground for such continuance will operate as a legal discontinuance of the action and no valid judgment could be thereafter rendered." This was unquestionably the rule of the common law, and generally exists in this country, probably. But it is one of those mere informalities, which is generally matter of error, and for such mere matters of error and informality, *audita querela* will not ordinarily be sustained, unless the defendant is thereby subjected to some injustice or wrong. And what is said in *Paddleford* v. *Bancroft,* in general terms, that such judgments will be set aside on *audita querela,* must be limited to cases of similar character to the one then under consideration, where the irregularity is attempted to be set up, not only as valid and good, in law, but for the purpose of depriving the other party of a defence, which he would have enjoyed, if the judgment had been entered at the proper time, as a discharge in bankruptcy.

But in the present case there is nothing of this character. There is no injustice attempted upon the complainant. The defendant had made proper service of his writ, and the complainant had given notice of defence.   The return day of the writ had arrived, the action was properly entered and answered to on the part of the plaintiff in that suit.   He had every reason to expect that the present complainant would appear and demand a trial, as he had said.   But from the sickness of his own family he could not wait.   He then procured a continuance just as he supposed the complainant would desire, treating his assertion that he desired a trial as a fact, and *bona fide* acting upon it.   This was certainly doing no intentional wrong to the complainant and no technical wrong, except that in strictness the suit might have been entered defaulted and continued for assessment of damages.   We do not regard this irregularity as any sufficient ground for maintaining

this proceeding. It seems to us that the complainant's conduct in giving notice of defence, lead to all the irregularity which occurred, and to allow this suit to prevail, would be to punish the defendant for an error into which he was naturally led by the complainant. It seems to us the same in principle, as the case of *Scott* v. *Larkin*, 13 Vt. 112, where the parties agreed to a continuance, out of court, which was entered on the files, without either party, or the court, being present, at the time set for trial, and *audita querela* was denied.

Judgment affirmed.