JAMES H. BRYANT, APPELLANT, *v.* SAMUEL H. PEMBER, AND
HERBERT SMITH TRUSTEE.

*Judgment. Appearance. Justice of the Peace. Jurisdiction.*
*Continuance by another Justice. Motion to Dismiss.*
*Waiver. Appeal. Trustee. Gen. Sts.,*
*chap.* 31, § 41.

The plaintiff appealed from the judgment of a justice of the peace discharging the trustee, judgment having been rendered by the justice in favor of the plaintiff against the principal defendant, from which no appeal was taken, the defendant, by reason of not having appealed, has not lost his right to file and insist upon a motion to dismiss in the county court.

Section 41 of chapter 31, Gen. Sts., provides that "a justice may adjourn his court at at any stage of the proceeding in any cause, to any time not exceeding three months." *Held* that this limitation of three months is a limitation of the time of each adjournment, and not a limitation of the aggregate time of all the several adjournments,

A justice other than the one before whom the suit is pending is authorized to continue it only for a period not exceeding thirty days, and if he continue the case longer than this period he continues it out of court, and this is a good cause for dismissing it in the county court, unless there has been a waiver of this irregularity by some affirmative act on the part of the defendant by which the suit was restored to the jurisdiction of the justice.

This irregularity is not like most mere matters of abatement that may be waived even by non-appearance. It absolves the defendant from all obligation to appear further in the cause, and any judgment thereafter rendered therein against the defendant without appearance or consent, would be of no force or validity—would be at least voidable, if not absolutely void.

The record shows that after this suit had been continued by a justice other than the one before whom the suit was pending, for a period exceeding thirty days, the defendant and trustee appeared, the defendant pleaded that "he did not owe the plaintiff," a jury trial was had upon the merits, a verdict was returned for the plaintiff and judgment rendered thereon against the defendant, and the trustee was discharged. *Held* that this was a waiver of the irregularity of the continuance for more than thirty days, and such a submission to the jurisdiction of the justice as cured the irregularity.

ASSUMPSIT. This action was brought before J. D. Cushing, a justice of the peace. The plaintiff appealed from the decision of the justice discharging the trustee. The record shows that the suit was continued from time to time while pending before the justice, from the 15th of May, the return day thereof, to the 25th of August, 1869; that one of the continuances was by L. D. Horton, a justice other than the one before whom the suit was pending, and was from the 22d of May to the 10th of July, 1869, a period exceeding thirty days; that it was also continued from the 10th of August to the 25th of August, by the justice who signed the writ, but the record does not show whether the defendant or trustee appeared; that on the 25th day of August, 1869, the defendant and trustee both appeared, and filed two pleas or motions in abatement, the substance of which is stated in the opinion of the court; but the record fails to show that any action was taken by the court in reference to them, or that they were insisted upon by the defendant or trustee. The record further shows that, after the filing of the pleas in abatement, the defendant pleaded that "he did not owe the plaintiff," a jury trial was had upon the merits, a verdict was returned for the plaintiff, judgment was rendered thereon against the defendant, and the trustee was discharged. From the judgment of the justice discharging the trustee, the plaintiff appealed, and the appeal was entered in the county court at the December term, 1869, at which

Bryant v. Pember and trustee.

term the defendant and trustee each filed a motion to dismiss, alleging therein as causes for dismissal :

1. That the suit had been continued while pending before the justice from time to time from the 15th of May to the 25th of August, a period in the aggregate exceeding three months.

2. That a justice other than the one before whom the suit was pending had continued the cause from the 22d of May to the 10th of August, a period exceeding thirty days.

A copy of the justice record was made a part of the motion, and at the December term, A. D. 1870, the county court, BAR-RETT, J., presiding, sustained the motion to dismiss, and ordered the suit dismissed. Exceptions by the plaintiff.

*Jas. J. Wilson,* for the plaintiff.

The pleas in abatement before the justice were waived ; the defendant came into court, pleaded in abatement, and without waiting for a judgment thereon, voluntarily pleaded to the merits, and had a trial. 3 Vt., 265 ; *Burnham* v. *Webster*, 5 Mass., 266. The case, so far as the defendant is concerned, came into the county court only for affirmance. Gen. Stat., 317, § 81. ·

The irregularity of the continuance by justice Horton was matter in abatement, and should have been taken advantage of at the earliest opportunity, but was not insisted on till after a trial on the merits and entry in the county court. *Stone* v. *Proctor*, 2 D. Chipman, 108 ; *Howe* v. *Thompson*, 8 Vt., 220 ; *Austin* v. *Smith*, 23 Vt., 704 ; *Wheelock* v. *Sears*, 19 Vt., 563 ; *Hammond & Draper* v. *Wilder*, 25 Vt., 348 ; *Wilder* v. *Stafford*, 30 Vt., 399 ; *Bennett* v. *Allen*, Ib., 684 ; Ib., 262 ; 35 Vt., 565 ; 37 Vt., 168 ; Gould's Pleadings, ch. 5, § 153.

*Hunton & Gilman,* for defendant and trustee.

The appeal brought up the whole case. Gen. Sts., 317. The statute does not provide what shall be done with the principal defendant, in a case like this, and it is for the court to render such judgment as the law will warrant.

The continuance by Horton for more than thirty days discontinued the suit. Gen. Sts., 282, § 42. *Whitcomb* v. *Rood*, 20

Vt., 49; *Brown* v. *Stacy*, 9 Vt., 118. The subsequent proceedings did not cure the defect. *Crawford* v. *Cheney*, 12 Vt., 567; *Hinman* v. *Swift*, 18 Ib., 315; *Phelps* v. *Birge*, 11 Ib., 161; *Babcock* v. *School District*, 35 Ib., 250; *Stokes* v. *Annesby*, 1 Cro. Eliz., 367.

The continuances for a time " exceeding three months " discontinued the suit. Gen. Sts., 282, § 41.

The opinion of the court was delivered by

PECK, J. The question is whether the county court erred in dismissing the cause on motion of the defendant and trustee, at the December term, 1870, being the term at which the suit was decided on the appeal from a justice of the peace.

It is insisted by the counsel for the plaintiff that the principal defendant not having appealed, and as the plaintiff only appealed from the decision or judgment of the justice discharging the trustee, the principal defendant was in the county court only for the purpose of an affirmance of the judgment against him; and that he had no right to file the motion in the county court, or be heard in the case. The statute in relation to appeals from justices of the peace, in trustee suits, provides that if *either party* shall appeal from the judgment of the justice, the same proceedings shall be had in the county court as though the same had been originally commenced in such court. There is a qualification to this, to the effect that when an appeal is taken by the *trustee* and no appeal by the principal debtor, the county court shall affirm the judgment against the principal debtor without costs. But this is not an appeal by the trustee, but by the plaintiff, one of the principal parties, and we think the defendant has not, by reason of not having appealed, lost his right to file and insist on his motion to dismiss.

One ground of the motion to dismiss is that the cause, while before the justice, was continued from time to time, in the whole amounting to more than three months, although no one adjournment exceeded three months. By ch. 31, § 41, Gen. Sts., it is provided that " a justice may adjourn his court at any stage of the proceedings, in any cause, to any time not exceeding three

months." This limitation of three months is a limitation of the time of each adjournment, and not a limitation of the aggregate time of all the several adjournments. So far as this ground of the motion is concerned, it cannot prevail. The other ground of the motion is, that in the absence of justice Cushing, before whom the suit was pending, justice Horton adjourned the suit more than thirty days at one time, that is, seven weeks. By this continuance the cause was continued out of court, because a justice, other than the one before whom the suit is pending, is only authorized to continue-the suit for a period not exceeding thirty days. For this cause, set forth in the motion, the suit was properly dismissed by the county court, unless there has been a waiver of this irregularity, by some affirmative act on the part of the defendant by which the suit was restored to the jurisdiction of the justice. It is insisted on the part of the plaintiff that the continuance of the case by justice Cushing on the 10th day of July, being the end of the seven weeks to which justice Horton had continued it, and the neglect of the defendant and trustee then to interpose this objection, is a waiver of it. But this is not like most mere matters of abatement that may be waived even by non-appearance. It is an irregularity which absolved the defendant from all obligation to appear further in the cause ; and any judgment thereafter rendered in the case against the defendant without appearance or consent on his part, would have been of no force or validity—voidable at least, if not absolutely void. The justice record, referred to as part of the motion filed in the county court, does not show any appearance by the defendant or trustee at the time of that adjournment on the 10th of July, and the court cannot presume an appearance when they were no longer under any obligation to appear, and when the justice had lost his power over the suit. Thus far there was no waiver of the objection, and this continuance by justice Cushing from July 10th to August 25th was without authority.

The question then is, whether what transpired on the 25th of August, when the case was tried, is to be regarded as a waiver of this irregularity, and as restoring the case to the jurisdiction of

the justice. On that day the defendant and trustee appeared and moved that the suit abate, alleging in one motion that the suit was continued from the third Saturday of May, 1869, till August 25th, 1869, as appears of record, which time, it is alleged, is more than three months, and without the jurisdiction of the justice. In the other motion the language is similar, but alleging that the continuance was from *time to time* from the third Saturday of May, 1869, to August 25th, 1869, which is not, the motion alleges, within the jurisdiction of the court. It is claimed by plaintiff's counsel that these motions before the justice only present the question whether the justice lost jurisdiction of the case by reason of the period of the whole continuances exceeding three months, and that the defendant had no right in the county court to file a motion to dismiss, based on the particular continuance by Justice Horton for more than thirty days. How this might be had nothing more transpired before the justice bearing upon the question of a waiver of this objection, it is not necessary to decide. The justice record shows that after filing these motions the defendant pleaded that he did not owe the plaintiff, and that a jury trial was had upon the merits, and a verdict against the defendant upon the merits, and judgment thereon against him, and a judgment discharging the trustee. The record does not show that any proceeding or judgment was had or rendered upon the motions to dismiss, or that any notice was taken of them after they were filed. If the defendant, after filing his motion to dismiss, voluntarily, without insisting on a decision upon the motion, pleaded to the merits and had a trial thereon, it was a waiver of his motion, and he could not afterwards avail himself of it, or of the irregularity of the continuance by justice Horton. It was such a submission to the jurisdiction of a justice as cured that irregularity. We think the fair inference from the record is, that there was such abandonment of the motion and waiver of the objection to the jurisdiction of the justice over the suit; especially as the defendant, if he claimed there was any other or further proceedings before the justice than appear by the record, might have had the record corrected according to the fact, by motion in

the county court for leave to the justice to amend it. But it is not suggested that the record is incomplete or not according to the fact.

Judgment of the county court dismissing the suit reversed, and cause remanded.