# STATE v. FRED BRUCE.

JANUARY TERM, 1896.

*Justice of peace. Jurisdiction lost by continuance of more than three months. No valid judgment except upon formal complaint.*

1.  If a criminal complaint pending before a justice is held open for more than three months, without adjournment or further action, the justice thereby loses jurisdiction of the cause and can render no valid judgment therein.

2.  No valid judgment can be rendered in a criminal cause except upon a formal complaint.

Indictment for breach of the peace. Plea, former conviction. Heard at the September term, 1895, Washington county, upon the demurrer of the state to this plea. Demurrer sustained. Thereupon the respondent being ordered to plead over without prejudice, a trial by jury was had resulting in a verdict of guilty. Judgment and sentence on verdict. The respondent excepted to the action of the court in sustaining the demurrer.

*J. W. Gordon* and *W. A. Lord* for the respondent.

The agreement to hold the case open did not oust the jurisdiction of the justice. *Dunn* v. *State*, 35 Am. Dec. 63-65; *Hardin* v. *State*, 12 Tex. App. 186; *Bowden* v. *State*, 1 Tex. App. 137; *U. S.* v. *Lee*, 4 McLean 103; *The People* v. *Whipple*, 9 Cow. 716; *State* v. *Bradly*, 45 Ark. 31; *Hall* v. *Stafford*, 25 Vt. 87; *Peach* v. *Mills*,

13 Vt. 501; *Commonwealth* v. *Loud*, 3 Met. 328; *Commonwealth* v. *Keith*, 8 Met. 532; *Wood* v. *Southwick*, 97 Mass. 356; *Humble* v. *Bland*, 6 T. R. 255; *Taylor*, v. *Edwards et al.*, 3 Hill 499; *Tift* v. *Culver*, 3 Hill 180; *Dunham* v. *Heyden*, 7 Johns. 381; *Graydon* v. *Barlow*, 15 Ind. 197; *State* v. *Wooley et al.*, 44 Vt. 363; 1 Bish. Cr. Pr., s. 280; *State* v. *Meacham*, 67 Vt. 707.

If there were informalities in the complaint they were cured by the appearance of the respondent and his consent to judgment.

*Z. S. Stanton*, State's Attorney, for the state.

It fairly appears from the record that the judgment pleaded in bar was obtained by the respondent fraudulently for the purpose of shielding himself from further prosecution. It is therefore void. *State* v. *Simpson*, 28 Minn. 66; *State* v. *Wakefield*, 60 Vt. 618; *McFarland* v. *State*, 68 Wis. 400; *Halloran* v. *State*, 80 Ind. 586; 1 Bish. Cr. Law, s. 1010, and cases there cited.

START, J. The indictment charged the respondent with the crime of breaking and disturbing the public peace, to which he pleaded in bar a former conviction for the same offence. To this plea, the state's attorney filed a general demurrer. The demurrer was sustained and the plea adjudged insufficient, to which the respondent excepted.

It appears from the record of the claimed former conviction set forth in the plea, that, on the 1st day of August, 1894, a prosecution was commenced before a justice of the peace upon the complaint of a grand juror for the town of Barre; that the respondent was brought before the justice, and the cause was continued to August 6, 1894, on which day the respondent appeared and the case was, by agreement of attorneys, held open. It does not appear that anything further was done until October 5, 1895, when the re-

spondent appeared before the court, and a grand juror for the city of Barre appeared to further prosecute. The respondent pleaded guilty and was fined five dollars and costs. The plea avers that the grand juror who signed the complaint deceased June 1, 1895, and that the breach of the peace charged in the complaint is the same breach of peace charged in the indictment. The indictment was filed in the court below on the same day that the respondent thus appeared before the justice and pleaded guilty.

In passing upon the sufficiency of the respondent's plea, it becomes necessary to determine what was intended by the words, "held open," in the justice's record of August 6, 1894. At the time this record was made, the justice could have adjourned the case for any time not exceeding three months. R. L., s. 1069. With this limitation upon the power of the justice to adjourn the cause, it is not probable that it was intended by the words "held open," that the cause should stand open, without any limitation, or for a longer time than the justice could have then adjourned it. We think, by the use of these words, it was intended that the cause should be held open for a time not exceeding the time the justice could have then adjourned it and that, at the expiration of this time, without an adjournment or any action by the justice, the cause was no longer pending. The cause was not adjourned after August 6, 1894, and was not again called up until after the grand juror who signed the complaint was dead, nor until after the expiration of more than three months. This delay, without any action being taken, worked a discontinuance of the cause; and, when the respondent appeared before the justice, on the 5th day of October, 1895, and pleaded guilty, the prosecution by indictment in the court below was the only prosecution then pending against him. In _Brown_ v. _Story_, 9 Vt. 118, it is held that the absence of a justice of the peace from the place to which a cause has been adjourned by him, for the

whole half day, within which the cause was set for trial, is a discontinuance of the action. In *Two Rivers Mfg. Co.* v. *Beyer*, 74 Wis. 210, 27 Am. St. Rep. 131, it is held that loss of jurisdiction may occur during the pendency of an action over which the court had jurisdiction when it was commenced; and, if the jurisdiction is so lost, any further action of the court is a nullity. In *Crandall* v. *Bacon*, 20 Wis., 91 Am. Dec. 451, it is held that a justice of the peace loses jurisdiction over a cause when he fails to specify the hour of the day or the place to which it is adjourned, and that a judgment by a justice of the peace, after he has lost jurisdiction of the cause, is void. In *Lynsky* v. *Pendergrast*, 2 E. D. Smith 43, it is held, that, when a justice departs from the place of trial, to be absent for an uncertain period, informing the parties that it is uncertain whether he can proceed with the trial that day, and that he cannot tell when he shall return, a discontinuance of the suit will result.

At the time the respondent appeared before the justice, there was no complaint before the justice, nor was any complaint then pending against the respondent. The grand juror who signed the complaint had been dead more than four months, and, by the delay of more than three months in bringing the case to a hearing, without a continuance or any action being taken, the complaint had become inoperative and of no effect. The justice could not take jurisdiction of the offence that the respondent pleaded guilty to, without a formal complaint. There being no complaint pending before him, he acted without jurisdiction, and his judgment and sentence is void and not a bar to the prosecution in the court below. In *State* v. *Wakefield*, 60 Vt. 618, the complaint charged intoxication, to which the respondent pleaded a former conviction for the same offence before a justice of the peace; and it was held that a formal complaint was necessary to confer jurisdiction, and that, for want thereof, the action of the justice was not *res adjudicata* as against

the state.   In *State* v. *Mead*, 4 Blatchford 309, 30 Am.
Dec. 661, it is held that a waiver of trial by jury in a crim-
inal cause can only be upon the consent of both the prisoner
and the state, and that the trial and acquittal of a person
charged with a crime, by the court sitting without a jury, is
not available under the plea of *autrefois acquit*, upon a
second trial for the same offence, where, upon the first
trial, the state had insisted upon a trial by jury.

Art. 11, chap. 1, of the constitution of the state provides
that warrants, without oath or affirmation first made, afford-
ing sufficient foundation for them, and whereby any officer
or messenger may be commanded or required to search sus-
pected places, or to seize any person or persons, his, her or
their property, not particularly described, are not to be
granted.   It is essential that the court taking cognizance of
a criminal cause, not only have jurisdiction of the cause,
but that its jurisdiction be invoked in the manner sanctioned
by law.   Therefore, if the crime of which the respondent
has been convicted, is one for which he could be held to
answer only upon the presentation of an indictment or com-
plaint to the court, properly verified, and no such indict-
ment or complaint was before the court, his conviction is
void.

*Judgment that there is no error, and that the respondent
take nothing by his exceptions.*

Taft, J., declined to sit, the respondent not being present,
as he was confined in the House of Correction.