## J. F. KEEFE *v.* E. T. DRAKE.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 1, 1913.

*Justices of the Peace—Indeterminate Continuance by Agreement of Counsel—Status of Case—Right of One Counsel to Fix Time of Trial.*

Where a suit returnable before a justice of the peace is indeterminately continued by agreement of counsel out of court, it is then, at most, in a dormant state, and it is not competent to one counsel thereafter to fix a time for trial and adhere to it without the consent of the other counsel.

Where a suit returnable before a justice of the peace was indeterminately continued by agreement of counsel out of court, and thereafter a date for trial was tentatively fixed, a default judgment entered on that date, after counsel for defendant had objected to that date and had sought a subsequent date for trial, must be set aside on petition under P. S. 2033.

PETITION, under P. S. 2023, to set aside a default judgment by a justice of the peace. An answer and replication were filed. Trial by court at the March Term, 1911, Franklin County, *Stanton,* J., presiding. Judgment that the petition be dismissed with costs. The petitioner excepted. The opinion states the case.

*Elmer Johnson* for the petitioner.

*H. P. Dee* for the petitionee.

ROWELL, C. J. This is a petition to reverse and set aside a judgment rendered by a justice on default, for that the petitioner was unjustly deprived of his day in court by accident or mistake. The petition was dismissed with costs.

The writ was returnable Dec. 15, 1910. The bill of exceptions shows that it "appeared" that the attorneys of the par-

ties, at the request of the petitioner's attorney, made a verbal agreement out of court to continue the case to Dec. 19, 1910; that on that day, at the request of the petitionee's attorney, they made a further verbal agreement out of court "to hold the case open until after the holidays, and no day was then fixed for the trial."

The bill further states that the justice did not appear at the time and place of the return of the writ on the 15th of December, nor on the 19th, and was not present when said continuances were agreed upon. It further states that about the middle of January, 1911, the petitionee's attorney made entries on the original writ, which were signed by the justice, as follows: "Continued by agreement of parties to Dec. 19, 1910, at same place and hour." "Dec. 19, 1910, continued at request of plaintiff to January 25, 1911, at same place and hour." The bill further states that on the 25th of January the justice appeared at the place of return, and made the following entry: "Case called, plaintiff appeared, defendant did not appear and was defaulted," etc.

The exceptions further state that the petitioner claimed that there was no binding agreement between the attorneys that the case should be tried the 25th of January; that that date had been suggested as a day when the case might be tried if both parties were able to attend to it; that he was not able to attend to it that day, and so notified the petitioner's attorney the 24th of January; that he did not know of the making of the entries of continuance on the writ; that the justice had lost jurisdiction of the case, and had no authority to act in the matter unless the parties actually appeared in court and submitted themselves to his jurisdiction. On the other hand the exceptions show that the petitionee claimed that the case was regularly continued to January 25th, of which the petitioner had full notice and knowledge, and that it was his fault that he did not have a hearing that day. As to what the proof was in respect of these various claims, a transcript of the testimony is referred to and made controlling.

The exceptions contain what is denominated therein, "Original Findings of Facts" and "Additional Findings of Facts."

The "Original Findings" contain nothing that conflicts with what is stated from the exceptions. But they contain in addition, what the claims of the parties were, and what the

tendency of their evidence. Thus, they say that the petitioner claimed, and his evidence tended to show, that there was an agreement to hold the case open, and that he was not aware that the 25th of January had actually been agreed upon for trial; that there was some talk of having it tried that day, but that the agreement, if any there was, was merely tentative, and that he did not understand that a trial would be had that day unless he agreed to it; that his counsel called up the petitionee's counsel the 24th of January and had a talk with him relative to a trial the next day, and that his attorney understood from that talk that the case would not be called the next day, but that some future day would be agreed upon. Said "Findings" also say that the petitionee's evidence tended to show that the matters were taken care of as indicated by the justice's memoranda; that there was an actual continuance to the 25th of January, and that the petitionee's counsel in the talk he had with the petitioner's counsel the 24th of January, did not consent to a postponement beyond the 25th.

The "Additional Findings" say that at the time the continuance of Dec. 19th was made, it was agreed that the case should be held open till after the holidays; that sometime about the middle of January, 1911, the entries of said continuances named in the Original Findings "and in accordance with the agreements that had been made as hereinbefore stated," were made on the original writ, and the case continued to January 25, 1911; that the petitioner's counsel knew of said last-named continuance; that both parties expected to try the case, but there was no agreement on the part of the petitionee nor his counsel to continue the case beyond the 25th of January. These "Findings" further say that it did not appear whether or not the justice was present at the time and place set for trial either on the 15th of December or the 19th, and that there was no trial nor hearing of any kind before the justice when the petitioner or his counsel was present.

But this finding as to the presence of the justice is not warranted by the testimony, which is referred to and made controlling, for that shows most clearly that the justice did *not* appear on either of those days.

These "Findings" say that no question was made but that the petitioner's counsel acted in good faith, but it is found that he did not have such information from the petitionee's counsel

as warranted him in believing he had consented to a continuance beyond the 25th.

The "Findings" then go on to say that the strongest claim made in behalf of the petitioner that tended to show there was an agreement that there might be a continuance to some date subsequent to January 25th, was the testimony of the petitioner's counsel, who said that on January 24th, he telephoned the petitionee's counsel that he could not try the case the next day, and asked him if he would not agree to put the hearing off a day or two; that petitioner's counsel didn't say he would, but said he didn't know as he could get into communication with his client, but he did not say he would not agree to a continuance—did not say anything very definite anyway; the witness said to him it would be impossible for him to attend the trial that day, and understood from what petitionee's attorney did say that he had no particular objections to a further continuance.

But what passed between counsel that day is not definitive. The case had been indeterminately continued by agreement of counsel, and by reason thereof was then, at most, in a dormant state, a state of abeyance; and it was not competent to one counsel to reanimate the case by fixing a time for trial and adhering to it without the consent of the other counsel, and that the other counsel did not consent appears by the testimony, which shows that the fixing of January 25 was merely tentative. The justice so testified. The testimony of both counsel is to that effect. Thus, the petitioner's counsel testified that about the 15th of January the petitionee's counsel called him up in the evening and asked him if the 25th would be satisfactory to him to take up the case, and that he told him he thought it would, but if anything prevented he would let him know. The petitionee's counsel testified that on that occasion petitioner's counsel said he thought he could try the case the 25th, but was quite busy; that he was somewhat indefinite about it the witness thought. The witness further testified that at the time the justice signed the entries of continuance as aforesaid, he asked petitioner's counsel, whom he happened to see near his office door, if the 25th would be all right, and that he said it would for anything he could see.

In these circumstances the court had no discretion to turn the case against the petitioner as it did, and it was legal error to do so.

*Judgment reversed, petition sustained, judgment of the justice reversed and set aside, and judgment for the petitioner to recover his costs.*