AUGUSTUS G. PERRO, In Error, *vs.* STATE OF MAINE.

JOSEPH G. BLAIS, In Error, *vs.* STATE OF MAINE.

Penobscot.    Opinion July 24, 1915.

*Adjournment.  Appeal.  Intoxicating Liquors.  Judgment.  Jurisdiction.*
*Municipal Court.   Private and Special Laws of 1895, Chap. 211,*
*Sec. 10.  R. S., Chap. 29, Sec. 51.  Writ of Error.*

1.  It is the design of the law that parties whose causes are pending in court shall have the right and opportunity to be present when any action is taken in their case.

2.  The Bangor Municipal Court, as all other inferior courts, has only such powers as are conferred upon it by statute.

3.  The Bangor Municipal Court has no stated terms for criminal causes; as to these, it is a temporary court for each case, exercising limited jurisdiction by prescribed methods.

4.  It may adjourn an examination before it from time to time, but no more than ten days at a time.

5.  The indefinite postponement of a case before it is in effect the indefinite postponement of the court.

6.  A magistrate of an inferior court, unless authorized by statute, cannot adjourn the hearing of a criminal case indefinitely.

7.  By such an adjournment, the court loses jurisdiction over the parties, and a judgment entered after such adjournment, except by consent, is void.

On report.    Judgments reversed.

These are writs of error, in which Augustus G. Perro, of Old Town, in said county, and Joseph G. Blais, of Bangor, in said County, seek to have certain judgments of the Bangor Municipal Court reversed, for certain errors alleged therein.    The State, by W. B. Peirce, County Attorney for said State, filed in each case answers to said writs, and the cases were then reported to the Law Court by agreement of the parties, for decision.    Certified copies of the records of the Bangor Municipal Court in libels against intoxicating liquors, *State* v. *Intoxicating Liquors,* and claims for same in writing by

Augustus G. Perro and Joseph G. Blais, same to be filed with Clerk of the Supreme Judicial Court for Penobscot County, shall, by agreement, constitute the evidence in the cases.

The cases are stated in the opinion.

*E. P. Murray, and Charles J. Hutchings,* for plaintiff.

*William B. Peirce,* for State.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.   Two writs of error, wherein the plaintiff in each case alleges that in a certain judgment of the Bangor Municipal Court upon libels praying for the forfeiture of certain intoxicating liquors, in which proceedings the plaintiffs had filed claims for the liquors libeled, and had been admitted as parties, as provided by Sec. 51, Chap. 29, R. S., there appears upon the record an error that deprived the court of jurisdiction to give judgment in the causes.   The error alleged is that, "during the progress of the hearing in said matter said hearing was indefinitely postponed before the termination thereof and was finally adjourned before any judgment of the matter was rendered by said court, and by said indefinite postponement and by said final adjournment before judgment was rendered, said Bangor Municipal Court lost jurisdiction of said cause."

Both writs assign the same error, and the cases are before this court upon report.   The record shows that both cases were heard at the same time by the Judge of the Municipal Court of Bangor, and the record introduced to support the allegation of error reads, as far as material to these cases:   "On May 19, A. D. 1914, hearing had. Evidence closed.   Arguments of counsel made, and case taken under advisement for a decision, and hearing adjourned without day." May 20, A. D. 1914, decision was rendered as follows:   "The liquors ordered forfeited to State.   Ralph P. Plaisted, Judge."   And it·is contended that, by adjourning the hearing May 19, 1914 "without day," the Bangor Municipal Court lost jurisdiction of the causes. Although the proceedings complained of were against the liquors only, the cases were criminal cases and governed by the rules of criminal law, *State* v. *Robinson,* 49 Maine, 285; *State* v. *Intoxicating Liquors,* 80 Maine, 57, and if the proceedings of the Bangor Municipal Court were unauthorized by law, the plaintiffs being parties to the pro-

ceedings can maintain their writs of error. *Barnett* v. *State*, 36 Maine, 198. The Bangor Municipal Court, as all other inferior courts, has only such powers as are conferred upon it by statute. It is provided by Sec. 10, Chap. 211, Private and Special Laws of 1895, "Said court (Bangor municipal court) may adjourn from time to time, but shall be considered in constant session for the trial of criminal cases." The act creating the Skowhegan Municipal Court contains the same provision, and was considered by the court in *Tuttle* v. *Lang*, 100 Maine, 125, as follows: "This municipal court has no stated terms for criminal causes. As to these it is a temporary court for each case, exercising limited jurisdiction by prescribed methods. It has no jurisdiction to suspend and revive at its will a case before it," and it was held the provision that said court may adjourn from time to time, was not in conflict with Sec. 10, Chap. 134, R. S., which provides, "a magistrate may adjourn an examination before him, from time to time, but not more than ten days at a time." In the proceedings the Bangor municipal court had the same jurisdiction that trial justices have in this state in similar cases. The Bangor municipal court was authorized by Sec. 10, Chap. 134, R. S. to adjourn the hearings for not more than ten days, and if the parties requested it might adjourn beyond ten days. *State* v. *Miller*, 48 Maine, 576. It is the design of the law that parties whose causes are pending in court shall have the right and opportunity to be present when any action is taken in their case. It is necessary for them, to protect their rights, to know when any action will be taken that may affect their rights. In the judgments complained of the present plaintiffs were allowed by statute twenty-four hours to appeal from a judgment adverse to them, and also upon the question of cost, and by adjournment without day they could not know when to be present to protect their rights, and the authorities are unanimous that a magistrate of an inferior court, unless authorized by statute, cannot adjourn the hearing of a criminal case indefinitely; that by such an adjournment the court loses jurisdiction over the parties, and that a judgment entered after such adjournment, except by consent, is void.

As said in *Commonwealth* v. *Maloney*, 145 Mass., 211, "When a case is pending in a permanent court of general jurisdiction, with stated terms, in which continuances are from term to term, a defendant may waive the formal entries of continuance, and consent that the case may

remain in court without such entries until asked for by either party. The court then retains its jurisdiction of the case and of the defendant, and has authority at any time to make the entries of continuance from term to term, and bring the case forward upon the docket of the term.  A trial Justice is not a permanent court, with stated terms.  His court is a court of record, but it is a temporary court for each case, kept alive by continuances, and exercising limited jurisdiction by prescribed methods.  The indefinite postponement of a case before it, is in effect the indefinite postponement of the court. He has no jurisdiction to suspend and revive at his will a case and court before him."  As said in *Sluga* v. *Walker*, 9 N. Dakota, 108, "So far as we can learn, no judgment rendered and entered by a justice of the peace at a time and place of his own choosing, after an indefinite adjournment, and without notice to the parties, has ever been upheld, where the question has been directly presented, and for very good reason; for such an adjournment deprives the parties of substantial rights and renders it legally impossible for them to be present and protect their interest."  And in *Clark* v. *Reed*, 5 N. J., Law, 571, Kirkpatric, C. J., says:   "I hold it to be clear that a Justice cannot closet himself up, or perhaps I might say, go about his usual business; then give judgment when and where he pleases, in the absence of the parties and especially at such a distant day.   He must, like other judges, give judgment in open court when the parties are present, or had an opportunity of being present."

In *Harrison* v. *Chipp*, 25 Ill., 471, the court said:  "In this case the justice of the peace, by the indefinite postponement of the cause, lost jurisdiction of the parties and was unauthorized to proceed to render the judgment.  It, being unauthorized, was not binding on the parties and was void."   And in *Crandall* v. *Bacon*, 20 Wis., 639, the court said:  "The judgment of the justice of the peace enjoined by the Circuit Court was void.   The justice adjourned the cause one week, without specifying the hour of the day or the place to which it was adjourned.   He thereby lost jurisdiction of the cause."

As the Bangor Municipal Court lost jurisdiction of the causes, by the adjournment without day, the errors are well assigned and the judgments should be reversed.

*Judgments reversed.*