CHARLES WESCOTT *v.* WILLIAM BRIERE.

Special Term at Rutland, November, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1941.

*Vernon J. Loveland* and *S. E. Evarts* (Granville, N. Y.) for the plaintiff.

*James E. Sennet* and *Philip M. M. Phelps* for the defendant.

SHERBURNE, J. This suit was commenced before a justice of the peace by a writ made returnable on November 1, 1939, in which the plaintiff himself was recognized for costs. The defendant appeared on the return day, and the plaintiff not appearing the cause was continued by the justice to November 15, 1939. The original record on appeal shows that on November 15, 1939, the cause was continued to March 14, 1940, but an

amended record shows that prior to November 15, 1939, the defendant asked to have the cause again continued and held open until further notice, to which the justice agreed and the plaintiff assented, and that thereafter on or about February 29, 1940, on the application of the plaintiff the justice set March 14, 1940, for the hearing, of which the defendant had due personal notice, and that one William Hitt was accepted and noted on the writ as further recognizance for costs. On March 14, 1940, the defendant appeared specially and moved for a dismissal of the writ upon the grounds that there was not a proper recognizance on the writ, and that the cause was continued contrary to law. This motion was overruled, and upon the plaintiff's evidence judgment was entered for the plaintiff. Thereupon the defendant seasonably appealed to the Rutland Municipal Court, where the defendant's renewed motion to dismiss was granted, and judgment was entered in his favor, to all of which the plaintiff excepted.

P. L. 1458 provides that in actions before a justice of the peace such justice shall take security for the costs of prosecution before he issues the writ. P. L. 1492 provides:

> "A writ of summons or attachment requiring a person to appear and answer before a court shall not be issued, unless sufficient security is given to the defendant, by way of recognizance, by some person other than the plaintiff, to the satisfaction of the authority signing such writ, that the plaintiff will prosecute his writ to effect, and answer the damages, if judgment is rendered against him; a minute of which recognizance, with the name of the surety and the sum in which he is bound, signed by such authority, shall be made upon the writ at the time it is issued; and, if a writ is otherwise issued, it shall, on motion, abate."

These two sections are parts of the same act and took effect at the same time, and hence it is our duty to harmonize them if it can be done reasonably. In other words, a construction that creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the act, and will carry out the

406

intention of the Legislature. *Richford Savings Bank and Trust Co.* v. *Thomas et al.*, decided at this term, *ante*, p. 393, 17 Atl. 2d. 239; *Anderson* v. *Souliere*, 103 Vt. 10, 151 Atl. 509; *Brace* v. *Hulett*, 109 Vt. 360, 366, 196 Atl. 742.

 By its terms sec. 1492 applies to all writs of summons or attachment requiring a person to appear and answer before any court. Justices' courts in this State are courts of record. *Stone* v. *Proctor*, 2 D. Chip. 108, 113. The words in sec. 1492 "and answer the damages, if judgment is rendered against him", have reference solely to the taxable costs established by law. *Closson* v. *Staples*, 42 Vt. 209, 220, 1 Am. Rep. 316. Consequently the words "sufficient security * * * that the plaintiff will prosecute his writ to effect, and answer the damages, if judgment is rendered against him", as used in sec. 1492, have the same legal effect as the words "security for the costs of prosecution", as used in sec. 1458. Sec. 1492 is more definite in prescribing that a writ shall not issue unless security is given, that security shall be given by way of recognizance, and that a minute of such recognizance shall be made upon the writ, while sec. 1458 merely says that the justice shall take security before issuing the writ, and does not say how such security shall be given and says nothing about minuting it on the writ. The only way we can reasonably harmonize these two sections is to hold that sec. 1492 controls. This does no violence to the plain words of sec. 1458 and carries out the intention of the Legislature.

The defendant contends that the defect in the recognizance, the giving of security by the plaintiff rather than some third person, makes the writ void, so that the defect cannot be waived, and places this writ in class 1 of void process, as given in *Howe* v. *Lisbon Savings Bank & Trust Co.*, 111 Vt. 201, 14 Atl. 2d. 3, 6, which issues in violation of a statute prohibiting it, and cites *Holden* v. *Campbell*, 101 Vt. 474, 144 Atl. 455, and *Ford* v. *Smead*, 109 Vt. 129, 194 Atl. 369. These were petitions under chapter 92 of the Public Laws, section 2114 of which provides that such a petition shall not issue unless security is given in a certain manner.

 If for no other reason, P. L. 1492 is distinguishable from P. L. 2114 in that sec. 1492 concludes with these words: "if a writ is otherwise issued, it shall, on motion, abate." This

takes away a part of the force of the prohibition and makes the defect merely abatable matter, so that process defective in this respect goes into class 2 of void process as given in *Howe* v. *Lisbon Savings Bank & Trust Co., supra.* This is illustrated by *Huntley* v. *Henry,* 37 Vt. 165, where the writ was not signed by either the clerk or a magistrate ás required by law, and it was held to be a matter of abatement which could be waived. The time when such defect must be taken advantage of in justice court is illustrated by *Wheelock* v. *Sears,* 19 Vt. 559, an action for a penalty, where the statute, as in P. L. 2458, 2459, provided that the clerk or magistrate signing the writ shall enter upon it a minute of the day, month and year when the same was signed, and that a writ on which such minute is not made shall, on motion, be dismissed. It was held that the objection to the lack of such a minute upon the writ, like any ordinary matter of abatement, if not insisted upon at the earliest opportunity, in that case the return day of the writ, was waived. See, also, *Pollard* v. *Wilder,* 17 Vt. 48. In *Sisco* v. *Hurlburt,* 17 Vt. 118, and *Monti* v. *Thorington,* 98 Vt. 22, 124 Atl. 713, cases cited by the defendant, the defects were seasonably taken advantage of.

 The record fails to show that the defendant insisted upon the defect upon the return day of the writ. Consequently the defect was waived.

 The second ground of the motion was that the case was continued contrary to law. The defendant contends that the justice continued the case more than three months, contrary to the provisions of P. L. 1472, which authorize an adjournment of not exceeding three months at any one time. *Bryant* v. *Pember,* 43 Vt. 599, 603. The effect of any one adjournment for more than three months is the same as where under P. L. 1464 a justice, other than the one before whom the suit is pending, continues the suit more than thirty days at one time. Such a continuance continues the cause out of court, and unless waived entitles the defendant to have it dismissed. *Bryant* v. *Pember, supra.* See, also, *Pinney* v. *Petty,* 47 Vt. 616; *Paddleford* v. *Bancroft,* 22 Vt. 529.

As said in *Commonwealth* v. *Maloney,* 145 Mass. 205, 211, 13 N. E. 482, and quoted in *Perro* v. *State.* 113 Me. 493, 94 Atl. 950:

"When a case is pending in a permanent court of general jurisdiction, with stated terms, in which continuances are from term to term, a defendant may waive the formal entries of continuance, and consent that the case may remain in court without such entries until asked for by either party. The court then retains its jurisdiction of the case and of the defendant, and has authority at any time to make the entries of continuance from term to term, and bring the case forward upon the docket of the term. A trial justice is not a permanent court, with stated terms. His court is a court of record, but it is a temporary court for each case, kept alive by continuances, and exercising limited jurisdiction by prescribed methods. The indefinite post-ponement of a case before it is in effect the indefinite post-ponement of the court. He has no jurisdiction to suspend and revive at his will a case and court before him."

■ It is unnecessary to determine what the effect would have been had the instant case been held open for less than three months, and whether under the authority of *Keefe* v. *Drake*, 87 Vt. 53, 87 Atl. 347, such an indeterminate continuance discontinued the case. But this case was held open for more than three months before it was brought on for trial. As said in *State* v. *Bruce*, 68 Vt. 183, 185, 34 Atl. 701, 702, where a case was by agreement held open, and nothing further was done or attempted for over a year, "it is not probable that it was intended by the words 'held open', that the cause should stand open, without any limitation, or for a longer time than the justice could have adjourned it. We think, by the use of these words, it was intended that the cause should be held open for a time not exceeding the time the justice could then have adjourned it and that, at the expiration of this time, without an adjournment or any action by the justice the cause was no longer pending." The instant case was "held open until further notice". We think there is no difference in the intent between these words and those used in *State* v. *Bruce, supra,* and hold that the delay worked a discontinuance of the cause, unless waived.

There was no waiver of this irregularity. *Pinney* v. *Petty, supra.*

Error is not made to appear.

*Judgment affirmed.*

JEFFORDS, J. (dissenting). I agree with the majority in their disposition of the first ground of the defendant's motion to dismiss but disagree as to the second.

The majority in the first part of their opinion on this point recite that the defendant's contention is that the justice continued the case for more than three months, contrary to the provisions of P. L. 1472. They then show what the effect is of such a continuance and cite cases in support of their statements. So at the start they seem to concede that we have here an indefinite continuance for a period longer than the three months allowed by the statute. I agree with this apparent concession and if such continuance had been on the justice's own motion, nothing else appearing, I concede that the cause would then have been continued out of court. But that is not the situation here where the continuance was brought about at the instance of the defendant, was agreed to by the plaintiff and the justice, and as appears from the record proper notice of the time finally set for hearing was given to the defendant. The rule applicable to cases wherein the situation is as above set forth is well stated in 35 C. J. at page 540 as follows:

> "A party who with knowledge of the fact applies for or consents to an irregular continuance or adjournment is estopped afterward to insist, to the prejudice of the other party, that the action was thereby discontinued. So a continuance for an indefinite time at the request or with the consent of the parties will not deprive a justice of jurisdiction."

That the rule is one of universal application is apparent from the cases cited in 35 C. J. 540, notes 24 and 25 and in 35 C. J. 648, note 71. P. L. 1472 does not by express words nor by necessary implication prohibit us from applying the rule to the case at hand, nor do any of the cases cited by the majority from this jurisdiction nor any other of our cases as far as I can find.

Indeed it seems to me that the validity of an agreement such as we have here is impliedly recognized in *Keefe* v. *Drake* and *State* v. *Bruce,* cited by the majority.

The reason on which the rule of estoppel is often based in such cases is that to hold otherwise would permit a party to unjustly benefit from his own act. This principle has been applied by us in at least two cases of irregular continuances brought about through the violation of statutes, other than the one here, but relating to procedure in a justice court. See *Scott* v. *Larkin,* 13 Vt. 112 and *Aldrich* v. *Bonett,* 33 Vt. 202.

The plaintiff in his brief claims that under the circumstances here appearing the action was not discontinued and that the defendant is estopped to deny the jurisdiction of the justice to hear the case. To this contention I agree.

But the majority in deciding this ground of the motion rely on *State* v. *Bruce.* They say, in effect, that the instant case cannot be distinguished from the Bruce case and that the decision in the latter is controlling here. From the opinion in the Bruce case quoted from at length by the majority it is apparent that no indefinite continuance beyond the three month limit was therein presented. There it was held that the words used showed that the parties intended that the case should not be continued beyond the time limited by the statute. Thus in relying on the *Bruce* case to decide this ground it is apparent that the majority have selected a case not in point on what I believe to be, and what they apparently at the beginning conceded to be, the real facts and circumstances herein presented.

Moreover, I do not agree with the majority that there is no difference in the intent between the words "held open until further notice" and "held open." In the *Bruce* case the words used were in no way qualified. I do not disagree with the Court's conclusion as to the intention of the parties therein stated. But here the words used are qualified by "until further notice." It seems clear to me that the ordinary meaning of these latter words show an intention of the parties that the cause should stand open without any limitation and for a longer time than the three month period if the case was not set for hearing within that period. The majority apparently attach no significance to the qualifying words but I do not believe that they can properly be disregarded.

In the case of *City of Cedar Rapids* v. *Rall,* 115 Ia. 335, 88 N. W. 826, 827, the irregular continuance was, by mutual consent of the parties, "to a date thereafter to be fixed." The statute authorized a justice of the peace, upon his own motion, to order the continuance of a case pending in his court, for a period not exceeding three days. Long after the three day limit the justice at the instance of the plaintiff set a date for hearing and gave the defendant due notice thereof. It was held that under the facts and circumstances in the case the justice did not lose jurisdiction. The significance of the words "date thereafter to be fixed" was not discussed, no question apparently having been made but that they disclosed an intention that the continuance be without limitation.

The majority state that there was no waiver of the irregularity and cite *Pinney* v. *Petty, supra,* in support of this statement. The question here is not whether the defendant waived his rights to challenge the jurisdiction of the justice because he went to trial on the merits but whether he is estopped to so challenge by his agreement to the continuance under the circumstances set forth.

I believe that the defendant is estopped to claim that the cause was discontinued and I should reverse the judgment.