# Town of North Hero v. Leonard W. Morrison, Commissioner of Taxes, et als

(102 A2d 438)

November Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 5, 1954.

*John Mulvey* for the petitioner.

*Robert T. Stafford*, Deputy Attorney General, for petitionee Leonard W. Morrison.

*William R. McFeeters* for petitionees Munroe-Langstroth, Inc., and Maryland Casualty Co.

**Cleary, J.** This is a petition for a Writ of Certiorari. The petitionees answered and also moved to quash the petition. The petitioner then filed a replication and moved that the answer and motion to quash be treated as a demurrer to the petition and that the case be heard on the pleadings.

It appears that the petitionee Munroe-Langstroth, Inc. is a construction company engaged in building a bridge across a portion of Lake Champlain to link the state highway that runs from North Hero to Alburg. On April 1, 1952 the listers of North Hero fixed the value of property owned and used by the said corporation at $50,000, for the purpose of taxation, which after appeal to them the listers reduced to $25,000. On appeal from this decision to the board of civil authority the decision of the listers was upheld. An appeal was then taken to the commissioner of taxes who appointed appraisers pursuant to the statute governing such an appeal. After due notice and hearing the board of appraisers decided that the corporation's property was not within the tax jurisdiction of the town of North Hero. The commissioner of taxes communicated the appraisers' report to the town clerk of North Hero, asking that the information be recorded in the grand list book and stating that "the effect of this appeal, of course, is to disallow the action of the Listers with regard to the appraisal appealed from." The petition makes the commissioner of taxes, the members of the board of appraisers, Munroe-Langstroth, Inc. and the Maryland Casualty Co. which employed Munroe-Langstroth, Inc. to build the bridge, petitionees.

The petitioner claims that the appeal to the commissioner of taxes was void because no bond was filed as required by V. S. 47, §795 which provides: "When an appeal is taken to the commissioner under the provisions of §786 by a taxpayer, he shall file with the commissioner a bond in the sum of $50.00 conditioned for the payment to the town of its intervening costs in the event such appeal is dismissed or the action of the town in assessing the taxpayer is sustained in whole or in part."

V. S. 47, §789, provides that when an appeal is taken to the commissioner, the appellant shall furnish triplicate copies thereof, one of which shall be forwarded by the commissioner to the clerk of the town from the decision of whose listers or board of civil authority such appeal is taken, together with a copy of the bond. The appeal we are considering contained the following: "William R. McFeeters recognized to the

Commissioner of Taxes in the sum of fifty dollars for costs under the terms and conditions of §795, V. S. 1947. Wm. R. McFeeters Attorney Recognizance approved. Leonard W. Morrison Commissioner of Taxes."

V. S. 47, §790, provides that when a town claims that an appeal to the commissioner of taxes is in any manner defective or was not lawfully taken it shall file objection thereto with the commissioner on or before ten days "after the filing of such copy in the town clerk's office;" that when requested the commissioner shall pass upon such objections and make such order in relation thereto as is required by law. The petitioner does not question that a copy of the appeal was forwarded to its town clerk but submits that as the bond is an essential part of the appeal and as no proper bond had been filed the ten days in which to object did not run against the town and thus the appeal was never perfected and the action of the commissioner of taxes was void. In providing that a bond shall be filed, the statute imports that the instrument must be under seal. Without a seal it cannot have the qualities which attach to a bond. *In re Everett Estate*, 112 Vt 252, 254, 23 A2d 202. It is apparent that the security given for costs on this appeal did not comply with the statute and is not a bond. But the statute does not state that the failure to file a cost bond is necessarily fatal to the appeal or that it is a necessary preliminary or a condition precedent to the power of the commissioner to act upon the appeal. It requires the filing of a bond but does not state what shall be the effect of a noncompliance. The situation is not like appeals from the probate court or justices of the peace where statutes make the furnishing of a bond or recognizance a prerequisite of the granting of an appeal. Here the statute is directory merely. V. S. 47, §790, plainly shows the intention of the legislature to provide a method for claiming any defect in the appeal and also shows the intention of the legislature to have the commissioner pass upon and decide any matter in relation thereto. If objection had been made the commissioner could have ordered the filing of a proper bond. If the town wished to question the security furnished, the law provided a simple and adequate way for it to do so. *Houghton* v. *Slack*, 10 Vt 520, 523; *Collins*

v. *Edson*, 55 Vt 48, 49. Since the petitioner failed to file any objection to the appeal it waived the defect. *Wescott* v. *Briere*, 111 Vt 403, 407, 17 A2d 244.

■ The town claims that the findings of the board of appraisers were void because of their decision "that the property of the Munroe-Langstroth Inc. is not within the tax jurisdiction of the town of North Hero" without stating where the property was on April 1, 1952, the date that is essential to any determination of the taxable status of the taxpayer. The claim was not made in the petition so was not raised by the pleadings and therefore is not for consideration by us. *Lunnie* v. *Gadapee*, 116 Vt 261, 265, 73 A2d 312.

The town also claims that even if the property was not in the physical jurisdiction of the town on April 1 that would be immaterial under V. S. 47, §673, which provides that property may be set to a non-resident owner in the town where used in this state. The record fails to show that the property sought to be taxed was used in North Hero on April 1, 1952 so this question is not before us.

Next the town claims that the appeal to the board of civil authority raised no issue as to the situs of the property so this issue could not be raised before the board of appraisers. The appeal to the board of civil authority from the decision of the listers states it is taken for the reasons that the valuation includes property not properly set to the corporation and includes property not properly taxed. If the property assessed by the listers was not within the tax jurisdiction of the town it was not properly set to the corporation and not properly taxed. The grounds given in the notice of the appeal were broad enough to include the claim that the property was not within the tax jurisdiction of the town of North Hero. So the issue was raised by the appeal to the board of civil authority.

■ The town claims that the record as made available to the petitioner through the answer and motion to quash does not show that any questions relative to the situs of the property were ever presented by the tax commissioner to the board of appraisers for decision. V. S. 47, §791, provides

that the commissioner shall refer the appeal to the appraisers with such directions touching the questions to be by them determined as the commissioner shall deem advisable. As we have already said the appeal raised the issue of the situs of the property. The commissioner is a public official and it is presumed that he performed his duty and submitted the question of situs to the appraisers. *Lycoming Fire Ins. Co.* v. *Wright*, 60 Vt 515, 521, 12 A 103; *Wead* v. *St. J. etc. R. R. Co.*, 64 Vt 52, 61, 24 A 361; *Bacon* v. *B & M RR.*, 83 Vt 421, 434, 76 A 128; *White* v. *Hall*, 91 Vt 57, 63, 99 A 274; *Hazen* v. *Perkins*, 92 Vt 414, 419, 105 A 249, 23 ALR 748; *Ryan* v. *Orient Ins. Co.*, 96 Vt 291, 307, 119 A 423. The town cannot complain that the record does not show that the question of situs was submitted to the appraisers because it had the burden of rebutting the presumption and showing that the question of situs was not submitted.

The town claims that the findings of the board of appraisers were void as the board did not have authority to determine where the geographical taxing jurisdiction of the town ended. It submits that the issue of the location of the town boundaries was not properly before the board because at no place in the statutes have the appraisers been given authority to determine the location of the town boundaries. In order to tax property the listers must of necessity determine that it is within the taxing jurisdiction of the town, V. S. 47, §673. Taxpayers who are aggrieved by any of the listers' acts are provided a remedy which was the one pursued in the present case. This was by final appeal to the commissioner from the decision of the listers and board of civil authority. It included the determination of the situs of the property involved in the assessment. The issue decided by the appraisers was not the location of the town boundaries but of the property sought to be taxed. The appraisers had the same authority to determine this question as the listers had asserted in the first instance.

In closing its brief the town says that Munroe-Langstroth Inc. claims the property in question was on a pier extending from the shore in the town of Alburg. The town then contends that Alburg makes no claim regarding the property;

that no tax on this property was in fact paid to any other town; that to allow the corporation to escape from carrying its just share of the tax burden would be contrary to our fundamental concepts of justice; and that the corporation is adequately protected because it can pay the tax under protest and if it is shown that the payment was improperly accepted the corporation could bring suit and recover the amount paid. None of these claims are germane to the issues here, namely, whether the tax was legally assessed and whether the appeal was legally sustained. Since these issues are decided against the petitioner of course the writ of certiorari should not issue. *Petition dismissed with costs.*