## THE HINCKLEY & EGERY IRON CO. v. GEORGE B. JAMES AND ALPHEUS M. STETSON.

### [IN CHANCERY.]

*Mechanic's Lien. Gen. Sts. c. 108, ss. 3, 4.*

A mechanic's lien established under the provisions of ss. 3, 4, c. 108, Gen. Sts., takes effect when the requisite memorandum is filed in the proper office, the same as a mortgage of that date. It cannot take precedence of a prior mortgage.

Such a lien covers only such of the material furnished as is so attached to the realty as to be a part of it at the time the memorandum is filed.

APPEAL from the Court of Chancery.

The bill, which was brought to enforce a mechanic's lien, alleged that in March and April, 1874, the orator entered into certain contracts with defendant James, who then resided in Boston and owned a steam saw-mill in Norton, whereby it was agreed that the orator should put a new steam engine and a gang of saws, with shafts, belts, pulleys, &c., into said mill, enlarge the boilers

therein, and furnish all material and perform all- labor necessary therefor, and that the defendant should pay therefor $7,028.87 on completion of the work, and $6,400.58 in six months thereafter; that the contracts were duly performed by the orator before November 4, 1874; that on that day, the town of Norton never having been organized nor had a town clerk, the orator filed in the county clerk's office a writing signed by itself by Thomas N. Egery, its president, wherein it claimed a lien on the mill, the land connected therewith, and all the steam engines, boilers, gangsaws, shafts, belts, tools and machinery then therein, and caused the same to be there recorded. The bill then alleged subsequent proceedings by the orator by way of actions of assumpsit wherein the property whereon the lien was claimed was attached, resulting in judgments for the orator for the sums claimed, and record thereof in the county clerk's office; and alleged that the land, mill, engine, &c., were thereby held for the payment of said judgments, which were a lien thereon. The bill further alleged that defendant Stetson was interested in said mill by way of mortgages, whereby he claimed to hold said property, but that if the land and mill were held thereby the other property could be taken from the premises without injury to the mill and was held by virtue of the lien; and charged that the mortgages were not an incumbrance prior to said lien.

*Prayer*, that the orator be decreed to have a prior lien on all of the property for the amount of its judgments, or at least a lien on the engine, boilers, shafts, saws, belts, pulleys, and all of the machinery in and about the mill, and that the same be taken therefrom and sold at auction in payment of said judgments, and for general relief.

The answer of defendant Stetson alleged that his mortgages existed long before the orator furnished any materials or did any work as alleged in the bill; denied that the property described in the bill or any of it was held for the payment of either of the orator's judgments; denied that the orator had any lien prior to said mortgages; alleged that the engine, boilers, saws, &c., could not be taken out of the mill without injury to the mill, but that, on the contrary, a great part of said machinery was so situated

as to form a part of the foundation and support of the mill, and could not be separated therefrom without doing great injury to both mill and machinery.

The answer was traversed and testimony taken.

At the March Term, 1878, Essex County, it appeared that defendant James had filed a disclaimer, and Ross, Chancellor, dismissed the bill as to him by the orator's consent without costs and without prejudice ; and ordered and decreed, *pro forma*, that as to defendant Stetson the bill be dismissed with costs. Appeal by the orator.

*William & H. Heywood*, for the orator.

All of the proceedings to establish the lien have been in accordance with the law, and the orator is entitled to a mortgagor's remedy by way of foreclosure.

It is a sufficient answer to the claim made on the mortgages to say that they are prior to the transactions out of which the lien arises—that Stetson lent neither credit nor money on the strength of the property added to the realty. The equity of the orator's lien is superior. *Davenport* v. *Shants*, 43 Vt. 546 ; *Cochran* v. *Flint*, 57 N. H. 514.

The property added by the orator is personalty. Gen. Sts. c. 108, ss. 5. 6 ; *Wetherby* v. *Foster*, 5 Vt. 136 ; *Tobias* v. *Francis*, 3 Vt. 425 ; *Hill* v. *Wentworth*, 28 Vt. 428 ; *Fullam* v. *Stearns*, 30 Vt. 443, 452 ; *Bartlett* v. *Wood*, 32 Vt. 372 ; *Cheshire Institute* v. *Stone*, 52 N. H. 365.

But it makes no difference whether it is personalty or not. The law gives the orator a lien on it.

*Dale & Mansur*, for defendant Stetson.

No valid lien was ever perfected. The pretended lien is defective in several particulars.

The labor and materials furnished have become a part of the realty, so that Stetson's mortgages are a claim thereon prior to the orator's, even if the latter were valid. CHRISTIAN, J., in *Green* v. *Phillips*, 26 Grat. 752 ; *Sweetzer* v. *Jones*, 35 Vt. 317. See *Harris* v. *Haynes*, 34 Vt. 220 ; *Hill* v. *Wentworth*, 28 Vt. 428.

If they have not become a part of the realty, how can the proceedings to perfect a lien apply ? The statute makes no provision for liens upon personalty. Gen. Sts. c. 108, s. 3.

Some of the things furnished, at least, are such as the statute does not apply to. If so, the entire lien fails. *Safford* v. *True*, 33 Me. 283 ; *Bicknell* v. *Trickey*, 34 Me. 293 ; *Parsons* v. *Tinker*, 36 Me. 384 ; *Robbins* v. *Bowker*, 38 Me. 130 ; *Perkins* v. *Pike*, 42 Me. 141.

The lien cannot be an incumbrance prior to the defendant's mortgages. *Kenney* v. *Gage*, 33 Vt. 302.

The opinion of the court was delivered by

ROYCE, J. The bill in this case was brought to enforce a mechanic's lien. The contract which the orator made for doing the labor and furnishing the materials for which they claim to have a lien, was made with the defendant James while he was in possession of the premises upon which the labor was bestowed, and in doing which the materials were furnished. The premises were then mortgaged for more than their value, and the mortgages were owned by the defendant Stetson. The defendant James filed a disclaimer, and the bill as to him was, by consent of the orator, dismissed. The orator asks that its lien be declared to be prior to the lien of the defendant Stetson acquired by virtue of the prior mortgages upon the premises, or that its lien may be declared to be a specific lien upon the materials put into the mill on said premises by it, and upon the machinery in said mill repaired by it ; and that the same may be ordered to be sold, and the proceeds applied in payment of its said claims.

Most of the time employed in the hearing has been occupied by counsel in able and ingenious argument upon questions concerning the validity and formality of the proceedings instituted and carried on by the orator to perfect its lien. In the view we have taken of the case there is no necessity to pass upon those questions ; for the right of the orator is dependent upon the construction that may be given to the statutes under which it claims the liens.

Section 3 of c. 108 of the Gen. Sts. provides that when any contract or agreement shall hereafter be made for erecting, repairing, or altering any house or other building, or for furnishing labor or materials for the purposes aforesaid, the person proceeding in pursuance of such contract or agreement shall have a lien to secure the payment of the same upon such house or building, and the lot of land upon which the same stands, and provides that such lien shall not attach thereto until the person claiming the lien shall have filed and caused to be recorded in the town clerk's office in the town where such house or other building is situated, a written memorandum, by him signed, asserting such claim. Section 4 provides for the institution of a suit and obtaintaining judgment to determine the amount to which the party is entitled, and gives him the same remedy to obtain possession and to foreclose the defendant's equity of redemption and perfect his own title as in case of a mortage.

The above sections were not changed or altered by the act approved November 4, 1863, except in enlarging the property upon which a lien might be made to attach by adding to the description of property any saw mill, grist mill, or factory, and any water wheel or steam engine erected within or near the same to be used for the purpose of operating machinery therein. The evident purpose and intent of the law was to give to the party who had filed a proper memorandum in the proper office all and the same rights as a mortgage would give him, executed at the time of filing the memorandum. The remedy provided is as of a mortgage. It could not have been contemplated that vested equitable liens could be destroyed or impaired by any such proceedings. This we understand to have been the construction given to the statute in *Kenney* v. *Gage*, 33 Vt. 302, in which it was held that a mechanic's lien under the statute stands upon the same ground as a mortgage would if executed at the same time of the filing of the claim, and affects existing rights, whether legal or equitable, to no greater extent than such mortgage would affect them.

Whatever had been so attached to the realty as to become a part of it at the time of filing said claims, the defendant Stetson

had a lien upon by virtue of his mortgages, which was superior to the right of the orator, and the only right the orator obtained was to redeem said mortgages.

In relation to the property described in the bill that it is claimed was not attached to the realty, it is sufficient to remark that the statute has not made any provision for acquiring a lien upon such property in the manner here attempted. Such property is subject to attachment and sale on execution as personal property.

The orator has not shown any right to equitable relief, and the decree of the Court of Chancery dismissing the bill is affirmed with costs, and cause remanded.