LEON H. ANDERSON *v.* DELPHIS SOULIERE.

May Term, 1930.

Present:  POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed October 7, 1930.

*S. E. Darling, Jr.,* for the plaintiff.

*Lee E. Emerson* for the defendant.

POWERS, C. J. The plaintiff sued the defendant in an action of tort returnable to the municipal court of Orleans County. The writ was signed by a justice of the peace of Caledonia County. The court below dismissed the suit for that reason, and the plaintiff excepted.

Process, by which a suit is instituted, must bear the official signature of someone authorized to issue the same. Otherwise, it is fatally defective, and, on motion, will be dismissed. *Andrus* v. *Carroll,* 35 Vt. 102. It is for the Legislature to say what officers shall be authorized to sign writs and other process, and our Legislature has said in G. L. 1704 that writs returnable to a municipal court may be signed by certain specified officers, including a justice of the county. This means that such writs must be so signed, and the justice referred to is a justice of the peace within and for the county wherein the writ is returnable.

The plaintiff contends that the provision that such writs might be signed by a justice "of the county" was not the

work of the General Assembly, but of the commissioners who edited and superintended the publication of the General Laws; who, he says, "tacked on" to G. L. 1704 the words above quoted. He calls attention to G. L. 1644, wherein the provision is that writs returnable to a municipal or city court may be signed by a "justice of the peace"—without limitation. His position is untenable. The proposed revision of the statutes that became the General Laws, was reported to the Senate of 1917 from the joint special committee on the Revision of the Laws, and became Senate Bill No. 146. Section 1604 of that bill became G. L. 1644, and in the respect here involved read precisely as it does in the latter section. Section 1665 of that bill became G. L. 1704, and in the respect named read precisely as it does in the last-named section. An examination of the journals of the General Assembly of 1917 shows that S. 146 passed both houses of the Legislature without amendment in these particulars. So G. L. 1644 and G. L. 1704 are both the work of the Legislature, were parts of the same Act, and took effect at the same time. In these circumstances, it is our duty to harmonize them if it can be done reasonably. The only way we can do this is to hold that G. L. 1644 really means that the justice therein referred to is the same one referred to in both parts of G. L. 1704; namely, a "justice of the county."

*Affirmed.*