IN RE ESTATE OF LESTER G. BRACE, GEORGE BRACE ET AL., APTS. *v.* D. F. HULETT, ADMR.

January Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed February 1, 1938.

*Harold J. Arthur* for the appellants.

*J. H. Macomber* and *J. H. Macomber, Jr.*, for the defendant administrator.

SHERBURNE, J. This is an appeal to the county court from the allowance of the defendant's final account as administrator by the probate court. The issues formally raised by the pleadings were submitted to a jury, which brought in special verdicts in favor of the appellants to the effect that the defendant had negligently sold the farm and sugar tools belonging to the estate for an unreasonably low sum, and that the estate was thereby damaged to the amount of $25. Three exceptions to the rulings of the county court are briefed.

The appellants moved to set aside the verdict with respect to damages alone for the reason that the damages were inadequate and inconsistent with the testimony, and excepted to the overruling of their motion. As there is no constitutional nor statutory right to a trial by jury in this type of an appeal, the verdicts were advisory merely. *Eastern States, etc., League* v. *Estate of Vail*, 97 Vt. 495, 513, 124 Atl. 568, 38 A. L. R. 845; *In re Will of Smith*, 88 Vt. 259, 273, 92 Atl. 223; *In re Peck's Estate*, 87 Vt. 194, 197, 198, 88 Atl. 568. We need not consider if the motion should have been so phrased as to ask the court not to accept the verdicts of the jury. Nor need we consider if the appellants were entitled to have the verdict set aside as to damages only under our holding in *Parizo* v. *Wilson et al.*, 101 Vt. 514, 519-525, 144 Atl. 856.

We have here a finding of the jury expressly approved and accepted by the court. Under such circumstances we can-

not overturn this finding merely because the evidence may preponderate against it and we may think the damages awarded inadequate and would have reached a different result had we been finding the facts. To warrant our interference it must appear to us from the record that the damages are grossly inadequate and that there is no reasonable basis therein for the finding made. *Platt, Admx.* v. *Shields & Conant*, 96 Vt. 257, 271, 272, 119 Atl. 520; *Barrette* v. *Carr*, 75 Vt. 425, 56 Atl. 93.

From a careful examination of the transcript we are satisfied that there was sufficient evidence to sustain the court and jury in finding the amount of the damages to be only $25. The decedent died in March, 1930. The farm was back upon a hill at the end of the road and had not been operated as a farm for several years prior to decedent's death. It was what is commonly called an abandoned farm and was used only for sugaring purposes. The administrator, under a license from the probate court, made several efforts to sell the farm. He reduced the price from time to time but never received a cash offer until one was made by the purchaser in May, 1935. The best previous offer was from George Brace, one of the appellants, and was for over $150 less than the amount received, and was conditioned upon his ability to raise the money. The evidence was conflicting as to the value of the farm and sugar tools, separately and as a whole, as well as to such elements as the amount and value of the timber upon the farm. The evidence was such that the court or jury acting reasonably might have found that full value was received, or that some additional sum up to a maximum of several hundred dollars should have been received before making a sale.

The court charged the account of the administrator with the additional sum of $25, the amount by which the estate was damaged by his negligence, and taxed and allowed costs of $75.98 against the administrator and in favor of the appellants, and allowed these costs as a credit to the administrator in his account, stating that it did so in accordance with P. L. 2818. As thus amended the account was allowed, to be certified to the probate court. As a matter of discretion, in view of the finding of negligence, the court disallowed attorney fees to the administrator. To the allowance of the costs as a credit to the administrator in his account the appellants excepted upon the ground that the

evidence and the jury's verdict indicated without question that the claim of the appellants was resisted without just cause.

P. L. 2818 reads as follows:

> "The amount paid by an administrator for costs awarded against him shall be allowed in his administration account, unless it appears that the action or proceeding in which the costs are taxed was prosecuted or resisted without just cause."

On account of the small amount of the verdict in contrast with the amount of damages sought, the court evidently thought that the administrator was justified in resisting the demand, yet it accepted the finding as to negligence and did not think that the administrator was entitled to attorney's fees. If this ruling is allowed to stand, the result will be that the appellants, as heirs, in fact will pay their own costs as the amount which they will receive from the estate will be diminished by the amount the administrator pays them as costs. Under the circumstances of this case we think that the court has taken an inconsistent position, as the verdict of the jury, when accepted by the court, has established that the administrator resisted appellants' demand without just cause within the meaning of the statute.

Attention is called to P. L. 3017, which would seem to direct that in appeals from the probate court when costs are taxed against an executor they should always be allowed to him in his administration account, instead of being dependent upon a finding of just cause as in P. L. 2818. P. L. 3017 reads as follows:

> "The supreme or county court may tax costs for the party prevailing; or, when in the opinion of the court justice requires it, it may deny. such costs and may tax costs for either party; and if costs are taxed against an executor or administrator, they shall be allowed to him in his administration account."

These two sections of the statute are sufficiently cognate to be *in pari materia,* since they both relate to the allowance of costs taxed against an administrator in his administration

account, and they are to be construed with reference to each other as parts of one system, and the legislative intent, thus ascertained, must be given effect. *Doubleday* v. *Town of Stockbridge,* 109 Vt. 167, 194 Atl. 462; *Belfore* v. *State Highway Department,* 108 Vt. 396, 400, 187 Atl. 797; *Grand Lodge of Vermont* v. *City of Burlington,* 104 Vt. 515, 519, 162 Atl. 368. Different sections of the same act which take effect at the same time should be harmonized if it can be done reasonably. *Anderson* v. *Souliere,* 103 Vt. 10, 11, 151 Atl. 509. When the provisions of a law are inconsistent, effect must be given to those which harmonize with the context and the apparent intent of the Legislature. *Doubleday* v. *Town of Stockbridge, supra.* Since the consequences and the natural and reasonable effect of a proposed construction are to be considered in ascertaining the legislative intention, a construction leading to an absurd consequence must always be avoided if possible. *Brammall* v. *Larose,* 105 Vt. 345, 349, 350, 165 Atl. 916, and cases cited. And where a statute that has been construed by the courts has been re-enacted in the same, or substantially the same terms, the Legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless it expressly provides for a different construction. *In re Estate of Woolley,* 96 Vt. 60, 64, 117 Atl. 370, and cases cited.

The provisions of both these sections of the Public Laws were first enacted in substantially their present form in the Revised Statutes of 1839, Ch. 50, sec. 12, and Ch. 44, sec. 33, respectively, and have since been re-enacted in all subsequent revisions of the statutes. In *O'Hear* v. *Skeeles,* 22 Vt. 152, a case where the report shows that these sections of the Revised Statutes were referred to in defendant's brief and were thus before the Court, the Court said:

> "We believe it was the intention of the Legislature to place executors and administrators upon the same footing with other suitors, as it respects their liability for costs, which may be adjudged against them; and that in so doing they intended to afford security to the recovering party for costs awarded him, and, by authorizing the administrator to charge the same in his administration account, to subject the propriety of his conduct, in

incurring the expenditure, to the decision of the probate court. This is calculated to impose a salutary restraint upon administrators, and to guard the estates of deceased persons against heedless expenses in unjustifiable litigation.''

This case holds that in a probate appeal an execution may issue against the administrator for the costs that may be taxed against him. See, also, *Wiley* v. *Hunter,* 57 Vt. 479, 484; and *Page* v. *Cave, Admr. of Page's Estate,* 94 Vt. 306, 310, 111 Atl. 398.

 It needs very little illustration to demonstrate the absurdity of a literal construction of P. L. 3017. So taken, an administrator might be guilty of the grossest fraud or neglect, and, when compelled to make a just accounting upon an appeal to the county court, would be permitted to pay the taxable costs recovered against him out of the estate in his hands.

We have no hesitation in holding that P. L. 2818 controls in determining if the administrator shall be allowed in his account for the costs awarded against him. The result is that the county court should have directed that execution might issue against the administrator personally for appellants' taxable costs and should not have allowed these costs as a credit to him in his account.

 In the midst of the trial it was brought out in the cross-examination of the administrator that the probate court had allowed him to credit himself in his account with items for witness fees and subpoena and attorney fees upon the hearing there of this issue of negligence. Whereupon the appellants moved that these items be striken out and be included in the costs. In disposing of this motion the court said: ''As the case now stands, your motion is overruled,'' and allowed an exception.

Had this motion been made after the determination of the main issue of negligence, or had it been then renewed, there might have been some merit in it. As made, the motion was premature, because obviously it could not have been determined whether the administrator was fairly entitled to such an allowance until the issue of negligence had been decided. The court should not have been asked to rule until the evidence was all in.

*Judgment reversed, and judgment that the account as allowed by the probate court be amended by charging the administrator with the additional sum of $25. To be certified to the probate court. Let the appellants recover their costs in this Court, also their costs in the county court taxed at $75.98.*