JAMES KING *v.* JANET M. HOADLEY.

February Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 5, 1942.

*Barber & Barber* for plaintiff.

*Osmer C. Fitts, John A. Swainbank* and *Philip W. Hunt* for
defendant.

SHERBURNE, J. This is an action, brought under P. L. 2687, as
amended by sec. 4 of No. 55 of the Acts of 1935, for the purpose
of perfecting a lien upon a building and lot of land owned by the
defendant, in which the plaintiff alleges that the defendant made
a written contract with one Arthur King for excavating a cellar
and erecting a house upon such lot; that the plaintiff was ·em-
ployed by Arthur King upon the job, and has not been paid for
labor to the amount of $77.00, performed from October 4 to 18,
1941, which became due October 25, 1941; that the plaintiff and
Arthur King ceased working on the job on October 18, 1941; and
that by reason of the failure of Arthur King to pay him the

plaintiff on November 15, 1941, filed for record in the town clerk's office notice of a lien thereby asserted against the property for such sum, and delivered a copy thereof to the defendant. To this the defendant answered that by reason of the default and failure of Arthur King there was nothing unpaid on the contract with him and nothing due him on November 15, 1941. On the motion of the plaintiff this answer was struck out on the grounds that its allegations were immaterial and constituted no defense. To this the defendant excepted, and the cause has been brought here upon the defendant's exceptions before final judgment.

P. L. 2685 is amended by section 1 of No. 55 of the Acts of 1935, to read as therein provided. Paragraphs I, II and III thereof, so far as here material, read as follows:

"I. When a contract or agreement is made, whether in writing or not, for erecting, repairing, moving or altering a building * * * attached to the real estate, or for furnishing labor or material therefor, the person proceeding in pursuance of such contract or agreement shall have a lien to secure the payment of the same upon such building * * * and the lot of land on which the same stands.

"II. And a person who performs labor or furnishes materials to the amount of fifteen dollars or more for erecting, repairing, moving or altering such building * * * by virtue of a contract or agreement, whether in writing or not, with an agent, contractor or subcontractor of the owner thereof, shall, by giving notice in writing to said owner or his agent having charge of such property that he shall claim a lien for labor or material, have a lien to secure the payment of the same upon such building * * * and the lot of land upon which the same stands, to the extent of the portions of the contract price remaining unpaid at the time said notice is received.

"III. A lien herein provided for shall not continue in force for more than thirty days from the time when payment became due for the last of such labor performed or materials furnished unless a

> notice of such lien is filed in the office of the town clerk as hereinafter provided.''

P. L. 2686, as amended by sec. 3 of such act, reads as follows:

> ''A person claiming a lien under the preceding section, shall file for record in the clerk's office of the town where such real estate is situated, a written memorandum by him signed, asserting his claim, which shall charge such real estate with such lien as of the visible commencement of work or delivery of material to the extent and subject to the exceptions provided in the preceding sections and several such liens, asserted as aforesaid, if the sum due or to become due from the owner thereof is not sufficient to pay the same in full, shall be paid pro rata.''

It is necessary to determine to what contract this language used in the last two lines of paragraph II of section 1 of the act ''to the extent of the portions of the contract price remaining unpaid at the time said notice is received'' applies, whether to the contract between Arthur King and the defendant, respectively contractor and owner according to the terms there used, or to the contract between Arthur King and the plaintiff, under which the labor was performed.

It is our duty to harmonize different sections of this act if it can be done reasonably. *Wescott* v. *Briere,* 111 Vt. 403, 405, 17 Atl. 2d 244; *Richford Savings Bank & Tr. Co.* v. *Thomas,* 111 Vt. 393, 400, 17 Atl. 2d 239; *Brace* v. *Hulett,* 109 Vt. 360, 366, 196 Atl. 742; *Anderson* v. *Souliere,* 103 Vt. 10, 151 Atl. 509. Applying this rule, the answer is to be found by referring to section 3. That section provides that in case of several liens, if the sum due or to become due from the owner of the real estate is not sufficient to pay the same in full, they shall be paid pro rata. This clearly means that the owner is liable to pay only to the amount that his contract or agreement calls for, whether one or more liens are asserted against him. If there is any ambiguity in section 1 it is here resolved, and the above quoted language applies to the contract between Arthur King and the defendant. If nothing was due from the defendant to Arthur King at the

time the plaintiff gave notice to the defendant that he should claim a lien no lien was obtained.

To hold otherwise would make it unsafe for anyone to pay a contractor until he had ascertained if the contractor had paid all his bills for labor and-materials used on a job, such, for instance, as painting.a house, or repairing its roof. To avail himself of the remedy afforded by the statute, the person performing labor for, or furnishing materials to, the contractor must give notice of his claim of a lien before the contractor is paid. The amount of such lien cannot exceed the amount due or to become due to the contractor from the owner, consequently any off-set against the contractor for failure to perform his contract with the owner is available to the owner in arriving at the amount so due or to become due.

*The judgment striking out defendant's answer is reversed, and cause remanded.*