## Albert J. Cote, Jr. d/b/a Cote Plumbing Supply Company v. Robert A. Bloomfield

[262 A.2d 467]

No. 1118

Present: **Holden,** C.J., **Shangraw, Barney, Smith** and **Keyser,** JJ.

Opinion Filed February 3, 1970

*John S. Burgess,* Brattleboro, for Plaintiff.

*Robert Grussing, III,* Brattleboro, for Defendant.

**Smith, J.** This is an action instituted under the provisions of the so-called Mechanic's Lien Statute to recover for labor and materials furnished by the plaintiff to the residence of the defendant in the Town of Winhall, Vermont. Trial by jury was held before the Windham County Court in April, 1969, with verdict and resultant judgment for the plaintiff. Only two issues are presented by this appeal. The first deals with the interpretation given by the trial court in its rulings on defendant's motion for a directed verdict, as well as the charge of the lower court to the jury. The second deals with the Judgment Order under which the plaintiff was granted an *in personam* judgment against the defendant.

Defendant Bloomfield entered into a contract with one Peter L. Butynski, Inc., a general contractor, to construct a house in Winhall, Vermont, for a total price of $54,000.00. This sum, under the contract, was payable in five equal installments of $10,800 each, in accordance with a schedule contained in the contract, with the final installment of $10,800 payable within thirty days of completion of construction and its ac-

ceptance by the designer and owners, and only upon satisfaction of any liens.

Plaintiff Cote was a sub-contractor in the construction of the building, and was employed by Butynski to do the plumbing and heating work on the residence. The plaintiff entered into two contracts with Butynski for the performance of the work, which contracts for plumbing work called for a price of $4,100.00 and for the heating work of $3,875.00, for a total of $7,975.00. These contracts provided for three equal installment payments to be made by Butynski to the plaintiff of $2,659.00 each. Only one of such payments was made by Butynski to the plaintiff.

The evidence is undisputed that the defendant made four payments under his contract with Butynski totalling $43,-200.00. It is also undisputed that the defendant paid $1,775.00 to another sub-contractor, with the consent of Butynski, which amount was credited to the remainder of the contract price unpaid. Thus, at the time that the defendant received notice of the lien of the plaintiff on February 26, 1966, there was still a balance due under the terms of the contract from the defendant to Butynski of $9,025.00.

On February 26, 1966, the contract had not been completed by Butynski, and in fact said contract never was completed. It was the undisputed evidence of the defendant below that under the terms of the contract, Butynski's failure to complete the work specified under the contract gave the defendant the right to terminate the contract, complete the work himself, and charge the cost of the completion to any sums unpaid. Defendant's testimony was that he did complete the work, and that the cost of such completion exceeded the $9,025.00 remaining unpaid to Butynski. Butynski's testimony that he never made any demand upon the defendant for the balance of the payments that would have been due him under the contract, if completed, was undisputed. Also undisputed was that Butynski had gone into bankruptcy and that the trustee in bankruptcy has never made a claim for any claimed payment due under the contract. It was the contention of the defendant that on February 26, 1966, the date upon which he received the lien of the plaintiff, that his expenditures in completing the work not finished by Butynski exceeded the amount of the final payment that would have been due Butynski, had he com-

pleted his contract and that there was nothing due to Butynski from him to which the lien of the plaintiff could apply.

The first issue presented to us by the appellant reads: Whether or not the trial court erred in interpreting the provisions of the last sentence of 9 V.S.A. Sec. 1921(b) so as to extend a mechanic's lien to amounts unpaid under a contract which amounts were not due the contractor on the date the notice of lien was received or which amounts were not thereafter to become due the contractor.

> 9 V.S.A. Sec. 1921(b). "A person who by virtue of a contract or agreement, either in writing or parol, with an agent, contractor or subcontractor of the owner thereof, performs labor or furnishes materials to the amount of $15.00 or more for erecting, repairing, moving or altering such building, steam engine or waterwheel shall have a lien, to secure the payment of the same upon such building, steam engine or waterwheel and the lot of land upon which the same stands, by giving notice in writing to such owner or his agent having charge of such property, that he shall claim a lien for labor or material. Such lien shall extend to the portions of the contract price remaining unpaid at the time such notice is received."

It was the motion of the defendant at the end of the plaintiff's case that the cause be dismissed on the ground that, viewing the evidence in the light most favorable to the plaintiff, it showed that at the time the lien of the plaintiff was filed that the defendant did not owe any sums to the general contractor. The same motion was made by the defendant at the close of all the evidence in the case. Both motions were denied by the lower court.

In its instructions to the jury, the lower court submitted to them two issues, with a special verdict to be rendered on each issue. One such issue was how much was due and payable as a balance to the plaintiff. The second issue, and the one of importance here, was what was the amount in the hands of the defendant on February 26, 1966, remaining as a balance and unpaid of the $54,000.00 contract price.

The lower court also instructed the jury in the following language:

"Now, we charge you as a matter of law that defendant, upon receipt of plaintiff's notice of the filing of a mechanic's lien on his house in Winhall was obliged to retain in his hands and possession any and all sums of the contract price remaining unpaid by him at the time he receive (sic) notice of the lien. He had no choice under the law. He had to retain that amount. The law required him to retain it and keep this amount in his possession. He had to do that regardless of any hardship that it might have worked upon him. If he failed to retain this unpaid balance, used it, expended it for whatever he did so at his own peril and this is so regardless of how worthy a purpose he may have expended it. So we instruct you as a matter of law that this sum of $9,025.00 the defendant testified he had in his hands remaining unpaid at the time he received notice of the plaintiff's lien is the amount of the unpaid balance of the contract price of $54,000.00."

Defendant objected to this portion of the charge.

During its deliberations, the jury returned to the courtroom for further instructions from the court. The court then instructed them that they must find that the defendant had on hand the sum of $9,025.00, an unpaid balance on the contract of $54,000.00 as of February 26, 1966. Defendant again objected.

It is the position of the defendant that the legislative intent in providing the statutory remedy of a mechanic's lien was not to compel an owner to be forced to pay more than he was obligated to do under the original contract. In support of this position, he cites to us 9 V.S.A. Sec. 1923, which provides, in part, that "Several such liens, asserted as aforesaid, shall be paid pro rata, if the sum due or to become due from the owner thereof is not sufficient to pay the same in full."

What the defendant is saying is that the mechanic's lien attaches only to the unpaid sum due from the owner to the contractor, and not to the remainder of the contract price. In other words, that the subcontractor cannot stand in any better position than the general contractor, and if there are no sums due to the general contractor, then there is nothing for the lien of the subcontractor to attach.

The leading case in this jurisdiction on this subject is *James King* v. *Hoadley*, 112 Vt. 394, 26 A.2d 103. In *King* v. *Hoadley, supra,* the plaintiff, a laborer. employed by Arthur King, who had contracted to build a house for Hoadley, filed a lien against the property of Hoadley for the amount that was due him from Arthur King for his services. As in the case now before us, the answer of the defendant Hoadley was that by reason of the default and failure of Arthur King there was nothing due Arthur King on the date upon which Hoadley received the lien of James King, the plaintiff.

The opinion in *King,* written by then Associate Justice Sherburne, later to become Chief Justice, considered the statutes then in effect upon the attachments provided by a mechanic's lien, which statutes are now *9 V.S.A. Sec. 1921(b)* and *9 V.S.A. Sec. 1923.*

> "It is our duty to harmonize different sections of this act if it can be reasonably done. Applying this rule, the answer is to be found by referring to section 3." (Now 9 V.S.A Sec. 1923).

> "That section provides that in case of several liens, if the sum due or to become due from the owner of the real estate is not sufficient to pay the same in full, they shall be paid pro rata. This clearly means that the owner is liable only to the amount that his contract or agreement calls for, whether one or more liens are asserted against him."

The Court then went on to say:

> "If nothing was due from the defendant to Arthur King at the time the plaintiff gave notice to the defendant that he should claim a lien, no lien was obtained." *King* v. *Hoadley, supra,* p. 396–397.

In *King* v. *Hoadley,* as in the instant case, the defendant's defense to the grasp of the lien upon his property was that there was nothing due from him to the main contractor because of the default and the failure of the main contractor. It was also the claim of the defendant that he had the right to use as an offset against the main contractor any sums that it was necessary for him to lay out in order to complete the construction called for under the contract.

Applicable to the case before us, quoting again from *King v. Hoadley*, p. 397:

> "The amount of such lien cannot exceed the amount due or to become due to the contractor from the owner, consequently any off-set against the contractor for failure to perform his contract with the owner is available to the owner in arriving at the amount so due or to become due."

It follows that the trial court's charge to the jury below was in error in instructing the jury that it was the defendant's duty to retain the unpaid balance of the contract price remaining in his hands, regardless of any hardship that it might work upon him. The obligation of the defendant, under the lien, was only as to the sum of money, if any, which was due under the contract, but allowing him to deduct from the sum due under the contract any off-set he had against the main contractor for expenditures made by him to complete the building as specified in the contract between the defendant and the main contractor.

The evidence on the expenditures made by the defendant in this regard was controversial and in dispute. While defendant asserted that he had spent more than the sum of $9,025.00, the sum due to the main contractor as last payment under the contract in completing the building according to the contract specifications, the evidence of the plaintiff was to the contrary. Plaintiff's evidence was that little more than $1,500.00 in labor and material was needed to be expended in order to complete the contract, as well as that many of the expenditures claimed in off-set by the plaintiff were for extras, and not expenditures to complete the specifications set out in the contract. This was a question for the determination of the jury, under proper instructions.

It was for the jury to say what the reasonable cost to the defendant was to complete the construction called for in the original contract and specifications, exclusive of extras. If the amount thus determined was less than the $9,025.00 remaining unpaid on the contract price, then the plaintiff's lien would attach to the balance arrived at by subtracting the sum so determined from the $9,025.00 unpaid on the original contract price.

It follows that the trial court's charge to the jury below was in error in instructing the jury that it was the defendant's duty to retain the unpaid balance of the contract price remaining in his hands, regardless of any hardship that it might work upon him. The obligation of the defendant, under the lien, was only as to the sum of money, if any, which was due under the contract, but allowing him to deduct from the sum due under the contract any off-set he had against the contractor for failure to perform his contract.

Although under the opinion stated above there is no necessity for us to consider the second issue raised by the defendant, we will do so as a guide to the form of judgment that should be entered in future cases where the holder of a mechanic's lien is *in rem*, rather than *in personam*.

"Such lien is a security interest in the nature of a mortgage, available at law, effecting a preference. It provides for an equity of redemption and runs against the property. The defendant in such a case is not chargeable as the debtor, but in his capacity as owner of the property." *Woodbury Lumber Co., Inc.* v. *McIntosh and Abare,* 125 Vt. 154, 155, 211 A.2d 240.

"If the plaintiff obtains judgment the record thereof must contain a brief statement of the contract upon which it is founded. There is no provision for the issuance of execution on the judgment and the only way in which the plaintiff can avail himself thereof, under the lien law, is by causing a certified copy of such record to be recorded in the office of the clerk of the town in which such property to be affected is situated. Thereupon, such property becomes holden for the amount due on such judgment with costs of such copy and recording the same, as if it had been mortgaged for the payment thereof, and the plaintiff may obtain possession and foreclose the defendant's equity of redemption." *Goodro* v. *Tarkey,* 112 Vt. 212, 216, 22 A.2d 509.

*The entry is "Judgment reversed and cause remanded for a new trial."*