**T. A. Haigh Lumber Co., Inc. v. Donald R. Drinkwine, Betsy J. Drinkwine, Orville Forslund, d.b.a. Forestline, Inc., and Burlington Savings Bank**

[287 A.2d 560]

No. 90-70

Present: Shangraw, Barney, Smith and Keyser, JJ., and Martin, Supr. J.

Opinion Filed February 1, 1972

*Wick, Dinse & Allen,* Burlington, for Plaintiff.

*Myers & Spear,* Essex Junction, for Donald and Betsy Drinkwine.

*Francis Peisch,* Burlington, for Burlington Savings Bank.

**Smith, J.** This is an action brought to perfect a lien pursuant to 9 V.S.A. § 1924. The judgment order of the Chittenden County Court was that the plaintiff should have a lien upon a lot of land, and building thereon, in Jericho, Vermont, owned by the defendants Drinkwine, husband and wife, which property was under mortgage to the defendant Burlington Savings Bank. Both the Drinkwines and the Bank have duly taken their appeal to this Court from such judgment.

The Drinkwines desired to build a home on the lot of land owned by them in Jericho. On or about April 25th, 1966, these defendants entered into a contract with Orville Forslund, d.b.a. Forestline, Inc., for the construction of such dwelling house on their land. This contract provided for payment to the contractor of installments upon completion of certain stages of the work. For the purpose of making such payment the Drinkwines secured a loan from the Burlington Savings Bank. The so-called stage payments were made by the Bank to the contractor with the knowledge of the Drinkwines upon information given by the contractor that work had been performed by him to entitle him to a payment.

The plaintiff, after the 25th of April, 1966, furnished Forslund material intended to be used in the construction of the dwelling house in the amount of $2,800.92, which material was delivered to the premises owned by the Drinkwines. The

lower court found that Forslund was not the agent or employee of the Drinkwines.

Our first concern here is with the claimed lien of the plaintiff upon the premises. The plaintiff, by notice in writing dated May 19, 1966, notified both the Drinkwines and the bank of its intention to claim a lien on said property pursuant to 9 V.S.A. § 1921(c). However, it was not until August 26, 1966, that it filed its notice of lien in the Jericho Land Records pursuant to 9 V.S.A. § 1921(c).

It was the contention of the defendants below, as well as here, that the mechanic's lien, filed by the plaintiff, did not affect an attachment on the property in question. Defendants say that the findings of the lower court disclose that no money was owed by the Drinkwines to Forslund either at the time the notice of intent to file a lien was filed on the defendants, or that any money was due from the defendants to Forslund at the time of the filing of the mechanic's lien in the Jericho Land Records on August 26, 1966. Finding 17 states "That at the time said notice of lien was served upon them there were no monies due from Donald Drinkwine and Betsy Drinkwine."

The lower court also found that Forslund abandoned work on the building of the Drinkwines sometime after August 9, 1966. Equally important, in view of the contentions of the defendants, is Finding 14 which states:

> "The dwelling house was never completed in accordance with the terms of the contract and at the time the payments were made by Burlington Savings Bank to the Drinkwines and at the time of the endorsement by the Drinkwines to Forestline and Forslund, Forslund in fact owed the Drinkwines money inasmuch as the work was never completed covering the monies paid."

The lower court did find, however, that after receipt of the plaintiff's notice of intention to claim a lien there remained unpaid on the contract price the sum of $12,800.00.

It was the plaintiffs contention below, as well as here, that while no monies were due and owing the contractor by the Drinkwines when the notice of lien was filed on August 26, 1966, the plaintiff had already acquired a lien on the property, at a time when money was still due from the defendants to

Forslund by reason of the notice to claim a lien served on the defendant bank on May 19, 1966. Such notice of intention to claim a lien, says the plaintiff, under the provisions of 9 V.S.A. § 1921 (b) is not required to be recorded. In substance, the claim of the plaintiff, which must have been accepted by the lower court in rendering its judgment and order for the plaintiff, is that the statute creates two liens, although the filing of both is not required. One such lien, which is not necessary to be recorded, being that provided for in 9 V.S.A. § 1921 (b), while the other, requiring recording, is that provided in the lien which is required to be filed by the provisions of 9 V.S.A. § 1921 (c). Such an interpretation of the statutes we find to be in error.

In construing the provisions of the so-called Mechanic's Lien Statute, we said, in *Cote* v. *Bloomfield*, 128 Vt. 306, 262 A.2d 467, 470 (1970): "It is our duty to harmonize different sections of this act if it can be done reasonably." Under this guidance we shall now proceed to examine the act, including not only the sections here in dispute but upon the whole act, to determine its reasonable construction in view of the questions presented.

9 V.S.A. § 1921 (b) reads as follows:

> "A person who by virtue of a contract or agreement, either in writing or parol, with an agent, contractor or subcontractor of the owner thereof, performs labor or furnishes materials to the amount of $15.00 or more for erecting, repairing, moving or altering such building, steam engine or waterwheel shall have a lien, to secure the payment of the same upon such building, steam engine or waterwheel and the lot of land upon which the same stands, by giving notice in writing to such owner or his agent having charge of such property that he shall claim a lien for labor or material. Such lien shall extend to the portions of the contract price remaining unpaid at the time such notice is received."

In (c) of the same section, it is provided:

> "A lien herein provided for shall not continue in force for more than sixty days from the time when payment

became due for the last of such labor performed or materials furnished unless a notice of such lien is filed in the office of the town clerk as hereinafter provided."

9 V.S.A. § 1923, "Recording Notice of Lien":

"A person claiming a lien under section 1921 of this title, shall file for record in the clerk's office of the town where such real estate is situated, a written memorandum, signed by him, asserting his claim, which shall charge such real estate with such lien as of the visible commencement of work or delivery of material to the extent and subject to the exceptions provided in sections 1921 and 1922 of this title. Several such liens, asserted as aforesaid, shall be paid pro rata, if the sum due or to become due from the owner thereof is not sufficient to pay the same in full."

Plaintiff contends that the lien created by the notice provided for in 9 V.S.A. § 1921(b) is not required to be recorded by the provisions of 9 V.S.A. § 1922, which we now quote:

"1922. Effect of lien.

Unless he has satisfied or paid the claim upon which such lien is founded after he has received written notice of a lien as provided for in section 1921(b) of this title, such person shall not deed, mortgage or otherwise convey property which is subject to a lien as provided herein without disclosing such lien to the vendee or mortgagee in writing or stating the existence of the same in the instrument conveying or mortgaging such property. If he shall fail so to disclose such lien, he shall be liable to the person injured in an action of tort on this statute for the damages so sustained."

██ We can agree with the plaintiff that the notice to claim a lien as allowed by 9 V.S.A. § 1921(b) is not a prerequisite to filing of a memorandum of lien filed in the land records as is required under 9 V.S.A. § 1921(c). *Springfield Freeze Locker* v. *Wiggins*, 115 Vt. 445, 453, 63 A.2d 182 (1949). But we think that is because of the special nature of the lien which is established by 9 V.S.A. § 1921(b) as dis-

closed by 9 V.S.A. § 1922. This last section makes very plain that the effect of the notice of intent to claim a lien imposes a specific restriction of the property upon which the lien is to be claimed upon the part of the owner of the property. Its effect is to put such owner upon his peril if he attempts to sell or mortgage the property, the subject of the notice, without disclosing such lien to a prospective vendee or mortgagor. The lien established under 9 V.S.A. § 1921(b) is not such as to give notice to the world of the lien upon the property which the claimant of the lien seeks to establish but to place the owner of the property upon notice that if he seeks to alienate the property upon which the lien may be claimed he may suffer resultant damages.

The notice of the plaintiff to the defendants of its intention to claim a lien under the provisions of 9 V.S.A. § 1921(b), delivered to the defendants on May 19, 1966, is often referred to as a "prelien notice." In some jurisdictions the purpose of the "prelien notice" is to inform the property owner of the nature and amount of the claim in order that he may protect himself in his future dealings with the person with whom the claimant contracted and particularly to enable him to retain whatever money may be due to the contractor and to apply it to the payment of the lien claimant. 53 Am.Jur.2d *Mechanic's Liens* § 70.

■ But the right to acquire and enforce mechanic's liens is a creature of and dependent upon statutes, and no two statutes are alike. Such diversity in statutes in the various states governing the perfecting and enforcing of liens means that decisions in one jurisdiction are usually of little or no value as precedents in another jurisdiction. *Goodro* v. *Tarkey*, 112 Vt. 212, 214, 22 A.2d 509 (1941).

■■ In Vermont, the grasp of the prelien notice provided for in 9 V.S.A. § 1921(b) is set forth in 9 V.S.A. § 1922 and is intended to prevent the owner of the property who has received such prelien notice from alienating the property so as to defeat the lien placed upon it through the prelien notice. The advantage to the claimant under the prelien notice is that the property upon which the claim is made cannot be

transferred in any manner by the owner without notice to the prospective purchaser or mortgagee without being subject to a tort action.

However, this does not give the giver of the prelien notice a lien on the property which would take precedence over all other liens unless he follows up his prelien notice with the filing requirements set forth in 9 V.S.A. § 1921(c):

> "A lien herein provided for shall not continue in force for more than sixty days from the time when payment becomes due for the last of such labor performed or materials furnished unless a notice of such lien is filed in the office of the town clerk as hereinafter provided."

This section, by its very wording, is applicable to any kind of lien which is provided for in the other sections of 9 V.S.A. § 1921.

In 9 V.S.A. § 1923, quoted above, the object of the "written memorandum" is to give notice to the owner and persons dealing with the property that it stands charged with payment of bills for labor and materials which went into it under such contract as entitles claimant to his lien. *Baldwin* v. *Spear Bros.*, 79 Vt. 43, 50, 64 A. 235 (1906).

For us to hold, as the plaintiff argues here and which argument was apparently adopted by the lower court, that the prelien notice gave plaintiff a full lien on the property without following the recording provisions of the statute would create both an unjust and inequitable situation. While, by virtue of 9 V.S.A. § 1922 the owner of the property would be under notice that he could not alienate his interest in the property after such prelien notice was served without the danger of a tort action, such prelien notice would serve as no notice to other creditors that the property was charged with payment of the bills of the creditor that had given prelien notice. This would obviously be to their severe detriment. The plain purpose of the recording requirement is so that other persons dealing with the property, knowing that a lien has been filed, may also file their own liens if they be so advised and so be entitled to at least a pro rata payment from

the property owner if the sum due from the owner to contractor is not sufficient to meet all claims in full. Although there have been some changes in the law on mechanic's liens since the decision in *Hinckley and Egery Iron Co.* v. *James,* 51 Vt. 240, 244 (1878), the statement in that case that a mechanic's lien takes effect when the requisite memorandum is filed in the proper office is still true and binding.

It follows that the effective date of the plaintiff's lien on the property of the Drinkwines took effect on August 26, 1966. Plaintiff did comply with 9 V.S.A. § 1924 by commencing its action in this cause within three months of filing its memorandum.

At the time the mechanic's lien was filed by the plaintiff on August 26, 1966, the finding of the lower court was that Forslund had already quit work on the dwelling of the Drinkwines as of August 9, 1966, leaving such dwelling uncompleted. The finding of the lower court was that because of the fact that the work was incomplete Forslund, in fact, owed the Drinkwines money.

■ The situation which existed at the time of the filing of the lien of the plaintiff in the Jericho Land Records was that nothing was due from the Drinkwines to Forslund.

> "The obligation of the defendant, under the lien, was only as to the sum of money, if any, which was due under the contract, but allowing him to deduct from the sum due any off-set he had against the main contractor for expenditures made by him to complete the building as specified in the contract between the defendant and the main contractor." *Cote* v. *Bloomfield, supra,* 262 A.2d at 471.

Forslund had not completed his contract and no money was due him from the defendant. In fact, although no finding was made to this effect, the evidence is that the Drinkwines had to complete the unfinished work on their dwelling themselves.

The lower court in its judgment order gave a lien on the Drinkwines' property in the amount of $2,800.92 and, in addition, gave such lien precedence over the mortgage previously given to the Burlington Savings Bank by the Drinkwines.

9 V.S.A. § 1921 (d) provides in part:

"If such mortgagee shall receive written notice that any lien hereunder is to be claimed, such lien shall take precedence over such mortgage as to all advances thereafter made under such mortgage to such mortgagor, except such advances as the mortgagee may show were actually expended in completing such building, engine or waterwheel."

The error of the lower court in giving the lien of the plaintiff precedence over the mortgage of the defendant bank was in the mistaken belief that the prelien notice of May, 1966, continued in force and effect although no notice of such lien was ever filed as the statutes provide. As we have before stated, the plaintiff lost whatever security it had through its prelien notice after sixty days by not complying with the requirements of 9 V.S.A. § 1921 (c) that such lien should be filed. At the time the plaintiff filed its lien in the land records of Jericho there was nothing due from the Drinkwines to Forslund, and no further advances were made by the bank to Forslund.

As we have already seen, there was no money due to the main contractor from the Drinkwines, and it follows that the lower court was incorrect in granting a lien upon the property of the Drinkwines in favor of the plaintiff.

It must necessarily follow that if no lien should have been granted the plaintiff under the circumstances of this case that such non-existent lien could not take precedence over the mortgage given by the Drinkwines to the Burlington Savings Bank. Further, 9 V.S.A. § 1921 (d) which, in essence, provides that the only precedence of the lien over the mortgage comes as to funds advanced after written notice shows that the funds were actually used to complete the building. Such use of the funds was disclosed in the evidence before us.

*The entry is—Judgment reversed and judgment entered for both defendants.*