## Nadeau Lumber, Inc. v. Robert Benoit

[437 A.2d 1108]

No. 37-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*Gilbert Myers,* Essex Junction, for Plaintiff.

*Lisman & Lisman,* Burlington, for Defendant.

**Per Curiam.** Plaintiff Nadeau Lumber, Inc., commenced an action under the provisions of the Mechanic's Lien Statute, 9 V.S.A. §§ 1921–1928, to recover for materials furnished to the residence of the defendant Robert Benoit. The case was submitted to the Chittenden Superior Court upon facts stipulated to by the parties. Based upon the pleadings and stipulated facts the trial court made findings and concluded that the defendant was under no obligation under the plaintiff's lien and entered judgment for the defendant. The plaintiff appeals that judgment. We affirm.

The defendant entered into a contract with Bourne's Construction (Bourne), to build a house in Shelburne, Vermont. Subsequently, Bourne purchased material from the plaintiff for use in the construction. In early January, 1976, Bourne had substantially completed construction of the house but thereafter did no further work on it. At that time the defendant owed Bourne $2,150.00 on the contract price, if the contract had been fully and properly performed. Bourne, in violation of the terms of the contract, left undone work which will cost approximately $599.00 to complete and made mistakes in construction costing the defendant $3,576.95 to correct.

On January 23, 1976, plaintiff recorded notice of its lien on the defendant's property as required by 9 V.S.A. § 1923. The plaintiff then commenced this suit seeking to enforce its lien and recover $1,928.17, the sum owed to it by Bourne for the materials furnished for the construction of the defendant's house.

The plaintiff's principal contention is that the trial court erroneously interpreted and applied 9 V.S.A. § 1921(b) of the Mechanic's Lien Statute. Section 1921(b) provides:

A person who by virtue of a contract or agreement, either in writing or parol, with an agent, contractor or subcontractor of the owner thereof, performs labor or furnishes materials to the amount of $15.00 or more for erecting, repairing, moving or altering such building,

steam engine or waterwheel shall have a lien, to secure the payment of the same upon such building, steam engine or waterwheel and the lot of land upon which the same stands, by giving notice in writing to such owner or his agent having charge of such property that he shall claim a lien for labor or material. Such lien shall extend to the portions of the contract price remaining unpaid at the time such notice is received.

It is beyond dispute that the defendant was entitled to off-set against the plaintiff's lien the cost of completing the house as specified in his contract with the contractor. *Cote* v. *Bloomfield,* 128 Vt. 306, 311, 262 A.2d 467, 471 (1970); *King* v. *Hoadley,* 112 Vt. 394, 396–97, 26 A.2d 103, 105 (1942). Plaintiff contends, however, that § 1921(b) does not permit the defendant to off-set the cost of correcting work defectively done by the contractor. We disagree.

In *Cote* v. *Bloomfield, supra,* 128 Vt. at 311, 262 A.2d at 471, we held that:

The obligation of the defendant, under the lien, was only as to the sum of money, if any, which was due under the contract, but allowing him to deduct from the sum due under the contract *any off-set* he had against the main contractor for expenditures made by him to complete the building *as specified in the contract* between the defendant and the main contractor. (Emphasis supplied.)

Although *Cote* dealt with noncompletion by a contractor, its rationale is equally applicable to the defective workmanship situation. There is no justification for drawing a legal distinction between an off-set for the cost of completing unfinished work and an off-set for the cost of correcting defective work. In both situations the defendant-owner incurs unforeseen expenses as a direct result of the contractor's breach.

Accordingly, we hold that for purposes of ascertaining the extent of plaintiff's mechanic's lien, the defendant was entitled to deduct the cost of completing *and* correcting his contractor's work from the unpaid contract price. The parties stipulated that together these costs exceeded the unpaid con-

tract price. Therefore, since nothing was due from the defendant to his contractor at the time the plaintiff claimed a lien, no lien was in fact obtained. *King* v. *Hoadley, supra,* 112 Vt. at 396–97, 26 A.2d at 105. The ruling of the trial court was correct.

*Judgment affirmed.*