STATE OF VERMONT
ORANGE COUNTY

GAIL PAIGE,  )
    Appellant,  )  Orange Superior Court
      )  Docket No. 133-5-08 Oecv
      )
v.  )
      )  on appeal from
CLIFFORD E. FAHEY  )  Docket No. 96-3-08 Oesc
    Appellee.  )

## SMALL CLAIMS APPEAL
### Decision

Gail Paige, Defendant in the Small Claims case below, appeals from a judgment of the Small Claims Court dated May 1, 2008. The court entered judgment for the Plaintiff below, Clifford Fahey, for $610 plus costs on his claim for incomplete payment for electrical work on a construction job, and dismissed Appellant/Defendant's counterclaim for damages related to the same project.

Both parties represented themselves in the Small Claims Court and on appeal. This court has reviewed the record; listened to the tape recording of the full hearing held in Small Claims Court on May 1, 2008; reviewed the Appeal filed by Ms. Paige on August 14, 2008; reviewed the Questions of Law and memorandum filed by Ms. Paige on August 29, 2008; reviewed the response filed by Mr. Fahey on September 19, 2008; and heard oral argument on March 16, 2009.

It is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court Judge. Rather, the role of the Superior Court is to determine whether or not the evidence presented at the hearing supports the facts that the Judge decided were the credible facts, and whether or not the Judge correctly applied the proper law and procedure.

### Appeal Issues

*Whether Mr. Fahey had the right to seek a court remedy when he had not registered to do business in Vermont.*

Ms. Paige argues that Mr. Fahey, a resident of New Hampshire who does business as a sole proprietor under the name of Cliff Fahey Electric, was required by 11 V.S.A. § 1634 to have registered his business name with the Vermont Secretary of State before being entitled to seek a judgment in a Vermont court, and because he had not done so at the time of filing, his complaint should have been dismissed by the Small Claims Court.

1

It is true that 11 V.S.A. § 1634 does not allow a plaintiff to use the court to pursue a judgment if the plaintiff was required to register a business name "under this chapter" and had not done so at the time of filing. However, under 11 V.S.A. § 1621, a person, including a non-resident, is only required to register a business name if "doing business in this state under any name other than his or her own." Mr. Fahey's business name, Cliff Fahey Electric, includes his own name. There could be no confusion about the identity of the person running the business, despite the addition of the word 'Electric.' It would be different if his business name was something like 'North Country Electric.' In that case, he would have been required to file. However, since he operated his business under his own name, he was not required to register, and therefore he was not precluded from filing suit in court in Vermont.

Moreover, by the time of the hearing, he had registered. If the claim had been dismissed for failure to register, Mr. Fahey could simply have filed it again. It was not error for the judge to proceed with the claim, thus avoiding delay and increased costs for filing fees.

### *Whether the Court erred in denying Ms. Paige's counterclaim for reimbursement for costs incurred to correct and complete Mr. Fahey's work.*

The Small Claims judge determined that because Ms. Paige's contract was only with her general contractor, Mr. Waterman, and not with Mr. Fahey, any remedy she might have for incomplete or defective work would have to be pursued in a separate action against Mr. Waterman, and could not be asserted as a counterclaim in Mr. Fahey's suit against her. He therefore dismissed her counterclaim for such damages.

The judge did not err in this ruling, although it is helpful to review this issue in relation to the law that applies to other aspects of the case. A subcontractor such as Mr. Fahey who puts materials and services in to a property has a statutory right to file a lien against the owner's property to the extent he is not paid, and then to perfect that lien by filing a lawsuit under specific provisions of law set forth in 9 V.S.A. § 1921 et seq. When he does so, the limit on the amount of the lien he can perfect is "the portions of the contract price remaining unpaid at the time" of the notice of lien, even if he is a subcontractor and the unpaid amount is due to the general contractor.

In this case, the judge found, based on the evidence, that Ms. Paige had a single contract with the general contractor, Mr. Waterman, for a fixed price, and that she withheld $610 in payment based on her position that Mr. Fahey had not completed and corrected his electrical work on her house. Thus, Mr. Fahey had a valid basis for asserting a contractor's lien for the unpaid amount on the contract ($610).

If that is what he had done, the law would have allowed Ms. Paige to assert a claim for a set-off against such lien for both incomplete and defective work. *Nadeau Lumber, Inc. v. Benoit,* 140 Vt. 298 (1981). If that were the case, it would have been error for the judge to dismiss Ms. Paige's claim for a set-off for costs to complete and correct work done by Mr. Fahey.

2

Unjust enrichment is a remedy available where there is no enforceable agreement between the parties, and the cause of action is one of quasi-contract. Calamari & Perillo, The Law of Contracts 2 (3d ed. 1987); *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 242–43 (2001); *In re Estate of Elliott*, 149 Vt. 248, 252–53 (1988). It may be considered under circumstances where there is a contract that is unenforceable, or in the absence of a specific contract, *Johnson v. Harwood*, 2008 VT 4. A quasi-contract is "an obligation created by the law without regard to the parties' expression of assent by their words or conduct." *Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co., Inc.*, 695 So. 2d 383 (Fla. Ct. App. 1997) (citations omitted).

In the context of a claim by a subcontractor directly against an owner, it requires proof that "enrichment of the owner was unjust—that the subcontractor had exhausted all remedies against the general contractor and still remained unpaid and that the owner had not given consideration to any person for the improvements furnished by the subcontractor." *Id.* at 388.

Mr. Fahey has not shown a basis for a quasi-contract claim against Ms. Paige. He had an express contract with the general contractor, Mr. Waterman, which provided him with a contract basis for seeking payment from Mr. Waterman, and he did not pursue it. Mr. Waterman was present at the Small Claims hearing as a witness, but Mr. Fahey had not attempted to recover payment from him. Because Mr. Fahey could not show that he had exhausted contract remedies against Mr. Waterman, he could not show a basis for a quasi-contract claim against Ms. Paige. If Mr. Fahey had been able to show a quasi-contract claim and allowed to seek recovery on it, then Ms. Paige would have been entitled to assert her counterclaim for incomplete and defective work. In that event, it would have been error for the judge to preclude her counterclaim.

Since Mr. Fahey had no quasi-contract basis for a judgment, there was no legal basis for either a judgment against Ms. Paige, or a counterclaim by Ms. Paige against Mr. Fahey. Both of those claims may be asserted against Mr. Waterman, the general contractor, with whom both parties each had a contract.

Therefore, while the judge did not err in ruling that Ms. Paige's basis for a claim was against Mr. Waterman and not Mr. Fahey, it was error to grant judgment for Mr. Fahey against Ms. Paige. Either there was a basis for Mr. Fahey's claim, and both the claim and counterclaim should have been heard, or there was no basis for Mr. Fahey's claim, and the court was obliged to dismiss both the claim and counterclaim. Because there was no contract basis for Mr. Fahey's claim, and no grounds for a quasi-contract claim, it was error for the court to deny Ms. Paige's counterclaim and grant Mr. Fahey's claim.

For the foregoing reason, the court must reverse the Small Claims Court and vacate the judgment for Mr. Fahey and dismiss his claim against Ms. Paige. It was not error for Ms. Paige's counterclaim for incomplete and defective work to have been dismissed.

*Whether the Court erred in denying Ms. Paige's counterclaim for costs incurred as a result of Mr. Fahey having filed a lien which was never perfected.*

Ms. Paige claims that she should have been given the opportunity to show evidence that Mr. Fahey's filing of a lien caused her to incur mortgage financing costs that she should not have had to pay, and that they were caused by Mr. Fahey's actions. She clarified at oral argument that she understood that Mr. Fahey had a right to file a notice of lien, but that he should have discharged it immediately when he did not file to perfect it but filed in Small Claims court instead, and the delay caused her harm.

Ms. Paige has not shown error on this issue. The record shows that she was given ample opportunity to state her counterclaims and the basis for them, and the record is not clear that she had evidence to show that Mr. Fahey delayed in discharging the lien once he asked her to, or that she had evidence of quantifiable damages on the issue.

*Whether the Court erred in ruling that Mr. Fahey completed the work and it was done in a workmanlike manner,* and
*Whether the Court erred in finding that good electrical work need not look nice.*

These two issues both are related to the legal standard applied by the court in determining whether Mr. Fahey's work was done in a workmanlike manner. Because the court has ruled above that Mr. Fahey has not shown grounds for a judgment against Ms. Paige on the main claim and that Mr. Fahey's judgment must be reversed, and that Ms. Paige has not shown a basis for a counterclaim against Mr. Fahey based on incomplete or defective work, and that Ms. Paige's counterclaim for damages based on incomplete and defective work must be dismissed, it is unnecessary for the court to address these claims of error.

## ORDER

For the foregoing reasons, the Judgment of the Small Claims Court dated May 1, 2008 is *reversed;* and

1. Mr. Fahey's complaint against Ms. Paige is dismissed with prejudice but without prejudice for such a claim to be asserted against Mr. Waterman;
2. Ms. Paige's counterclaim for damages based on the filing of a lien is dismissed with prejudice;
3. Ms. Paige's counterclaim for damages for the costs of incomplete and defective work is dismissed with prejudice against Mr. Fahey but without prejudice for such a claim to be asserted against Mr. Waterman.

Dated at Chelsea, Vermont this 19 th day of March, 2009.

Hon. Mary Miles Teachout
Superior Court Judge

5